Travis KIDD, Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 96–152.

Supreme Court of Wyoming.

May 14, 1997.

Sylvia L. Hackl, State Public Defender; Donna D. Domonkos, Appellate Counsel; and Deborah Cornia, Assistant Appellate Counsel, for Appellant (defendant).

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Theodore E. Lauer, Director of the Prosecution Assistance Program; and Kevin D. Taheri, Student Intern for the Prosecution Assistance Program, for Appellee (plaintiff).

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

MACY, Justice.

Appellant Travis Kidd appeals from the district court's order which revoked his probation and sentenced him to serve a term in the Wyoming State Penitentiary that was longer than the time remaining on his probationary term.

We reverse and remand.

## ISSUE

Appellant presents a single issue for our review:

Did the district court lack jurisdiction to sentence the appellant, upon revocation of a split sentence, to a term of years at the Wyoming State Penitentiary that exceeded the original probationary period?

## FACTS

Appellant pleaded *nolo contendere* to one count of aggravated assault after he hit a man in a Casper bar and caused him to suffer severe injuries. The original judgment and sentence which was announced by the district court on November 7, 1995, ordered Appellant to

successfully complete four (4) years of supervised probation under the following terms and conditions:

. . . .

4. That the Defendant be remanded to the custody of the Sheriff of Natrona County, Wyoming, where he shall serve a term of ninety (90) days in the Natrona County Jail, with credit for one (1) day previously served; said sentence to commence at 9:00 a.m., Wednesday, November 8, 1995.

5. That the Defendant shall enter and successfully complete the program at Community Alternatives of Casper ("CAC") as a resident.

The judgment and sentence also forbade Appellant from possessing or consuming alcoholic beverages or controlled substances.

Appellant completed his jail term and subsequently entered the program at Community Alternatives of Casper. On February 23, 1996, a petition to revoke Appellant's probation was filed. The petition was accompanied by a probation agent's affidavit which stated that, while Appellant was in the Community Alternatives program, he returned to the facility intoxicated and became agitated and that, after witnessing Appellant's temper while he was intoxicated, Community Alternatives decided to terminate his residency there.

After holding a hearing, the district court revoked Appellant's probation and sentenced him to serve not less than thirty months nor more than eighty-four months, or the equivalent of not less than two and one-half years nor more than seven years, in the Wyoming State Penitentiary. Appellant appealed to this Court.

## DISCUSSION

Appellant contends that the district court did not have the authority to sentence him to serve a prison term which exceeded the term of his probation. He claims that the district court's sentencing authority was limited because he was originally ordered to serve a classical split sentence under WYO.STAT. § 7–13–107(a) (1995). The State argues that the district court had the power to give Appellant any sentence that it may have originally imposed for the commission of the crime because Appellant was initially sentenced to serve a probationary split sentence under WYO.STAT. § 7–13–107(c) (1995).

WYO.STAT. § 7–13–107 (1995) provides in pertinent part:

(a) Following a defendant's conviction of, or his plea of guilty to any felony, other than a felony punishable by death or life imprisonment, the court may impose any sentence of imprisonment authorized by law and except as provided in subsection (g) of this section, may in addition provide:

(i) That the defendant be confined in the county jail for a period of not more than one (1) year; and

(ii) That the execution of the remainder of the sentence be suspended and the defendant placed on probation.

. . . .

(c) Except as provided in subsection (a) of this section, the court may impose a split sentence of incarceration followed by probation in any felony case including those in which the statute violated specifically provides for a sentence of imprisonment in the state penitentiary.

■ In *Wlodarczyk v. State*, 836 P.2d 279 (Wyo.1992), this Court discussed the resentencing options which are available to a district court after a criminal defendant's

probation has been revoked. The district court's authority to resentence is determined by the nature of the original sentence. 836 P.2d at 285–86. The type of sentence created under § 7–13–107(a) is known as a classical split sentence. In a classical split sentence, the district court imposes an established sentence that includes incarceration in the county jail for a period of not more than one year with probation to follow the confinement for the balance of the established sentence. 836 P.2d at 287. A probationary split sentence established under § 7–13–107(c) consists of incarceration in the county jail for a period of not more than one year followed by a stated period of probation with sentencing being postponed subject to entry in the event that probation is revoked. *Id.*

 When the original sentence is a classical split sentence, the district court is limited to resentencing the defendant after his probation has been revoked to serve a period of confinement which is equal to or less than the time remaining on his original probation. 836 P.2d at 288, 291–92. In contrast, when the sentence is a probationary split sentence, the sentencing judge may resentence the defendant after his probation has been revoked to serve any term that may have originally been imposed for the commission of the crime. *Id.*

In this case, the original sentencing judge did not identify which statutory provision he was sentencing Appellant under. It is, therefore, somewhat difficult to determine whether the district court intended to impose a classical split sentence upon Appellant or whether it intended to impose a probationary split sentence upon him.

This Court was faced with a similar dilemma in *Wlodarczyk.* In that case, the defendant was sentenced to serve nine months in the county jail followed by three years of supervised probation. 836 P.2d at 285–86. We acknowledged that it was not entirely clear whether the district court intended to impose a classical split sentence or a probationary split sentence. 836 P.2d at 288. We decided:

> Although the differentiation for this case is not without question, we apply the terms

as stated, apply lenity for interpretation of the original sentencing order, and find a classical split sentence since no intent to provide a right to revoke and completely resentence during the probationary term is demonstrable.

*Id.*

 The terms of the original sentence in this case stated that Appellant was to complete four years of supervised probation and that, as a condition of his probation, he was to serve a ninety-day term in the county jail. The county jail time cannot be considered as a probation condition because the word "probation" is defined in WYO.STAT. § 7–13–401(a)(x) (1995) as being "a sentence not involving confinement." *See also Wlodarczyk,* 836 P.2d at 287. The original sentence did not indicate that the district court intended to retain the right to completely resentence Appellant in the event that his probation was revoked. Applying our rule of lenity, we conclude that Appellant's original sentence was a classical split sentence. We, therefore, interpret the original judgment as imposing an established sentence of four years upon Appellant which included ninety days of incarceration in the county jail with the remainder of the sentence to be served on supervised probation.

Jeopardy attached when Appellant began serving his county jail term, and the constitutional concept of double jeopardy prevented the district court from imposing a sentence that was longer than the one which was originally imposed. 836 P.2d at 292. The district court, therefore, erred when it resentenced Appellant to serve a prison term that was longer than the time remaining on his probationary term.

The State asks us to overrule our decision in *Wlodarczyk,* asserting that this Court mistakenly decided that the sentence in that case was a classical split sentence when it was a probationary split sentence. We have considered the State's request, and we do not agree that such a revision of Wyoming law is appropriate. When it is not clear whether the sentencing court intended to impose a classical split sentence or whether it intended to impose a probationary split sentence, this

Court will apply our lenity rule and declare the sentence to be a classical split sentence, thereby limiting the district court's resentencing powers. It is a simple task for a district court to set out what statutory authority it is relying on in sentencing a defendant. Furthermore, if the sentencing court wants to impose a probationary split sentence, it should state that it intends to retain the authority to completely resentence the defendant in the event that his probation is revoked.

Reversed and remanded for resentencing in accordance with this opinion.