44 P.3d 28 (2002)
2002 WY 52
Ty Charles DAUGHERTY, Appellant (Defendant),
v.
The STATE of Wyoming, Appellee (Plaintiff).
Ty Charles Daugherty, Appellant (Defendant),
v.
The State of Wyoming, Appellee (Plaintiff).
Nos. 01-13, 01-14.
Supreme Court of Wyoming.
April 10, 2002.
*30 G. Mark Garrison of Garrison & Bronnenberg, P.C., Cody, WYO, Representing Appellant.
Hoke MacMillan, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Georgia L. Tibbetts, Senior Assistant Attorney General, Cheyenne, WYO, Representing Appellee.
Before LEHMAN, C.J., and GOLDEN, HILL, KITE, and VOIGT, JJ.
VOIGT, Justice.
[¶ 1] Ty Charles Daugherty (appellant) was convicted of two burglaries. He was given a split sentence on the first burglary and sentencing was continued on the second burglary. After his probation was revoked, he was given a four-to-five year sentence on each crime, with the sentences to run concurrently. In these appeals, the appellant attacks the first sentence as violating the split sentencing statute and he attacks the second sentence as violating his right to speedy sentencing.
*31 [¶ 2] We affirm the sentence for the first burglary, but vacate the sentence for the second burglary. We further hold that, in the future, district courts utilizing the split sentencing statute must first impose a minimum and maximum sentence as required by statute and court rule, and we overrule previous holdings to the contrary.

ISSUES
1. Whether the sentence imposed by the district court in Case No. [01-13] was illegal?
2. Whether the district court violated [the appellant's] constitutional right to speedy sentencing [in Case No. 01-14]?

FACTS
[¶ 3] On June 3, 1996, a felony information was filed charging the appellant with burglary. This case, to which we will refer as the "first burglary," is the basis of Case No. 01-13. On November 22, 1996, a felony information was filed charging the appellant with another burglary. This case, to which we will refer as the "second burglary," is the basis of Case No. 01-14. On February 12, 1997, a combined hearing was held in the two cases, at which hearing the appellant entered guilty pleas to both burglaries. He was adjudicated guilty of both crimes and a presentence investigation was ordered.
[¶ 4] A sentencing hearing was held on June 20, 1997. The district court heard the testimony of witnesses and the arguments of counsel. The presentence investigation report and its recommendations were reviewed. Sentencing options, including incarceration and probation, were discussed. At the end of the hearing, the district court indicated that it had not yet reached a decision and that the matter would be continued. The hearing was then continued until June 26, 1997.
[¶ 5] At the continued hearing, the district court went to considerable length to detail its intentions as to sentencing on both burglaries and to explain to the appellant what those intentions were. Because the district court's intentions included delaying sentencing on the second burglary, the district court explained to the appellant his right to speedy sentencing:
THE COURT: Okay. Mr. Daugherty, the Court is proposing to defer a portion of the sentencing [on the second burglary]; specifically, the portion that would pertain to any prison sentence and fine in that case. You have a right, legally, to a speedy sentencing, and I cannot defer that portion of the sentence unless you are willing to give up that right.
So my question to you and [defense counsel] at this time is whether you are willing now, on the record in open court, and yet today to sign a written waiver of speedy sentencing. [Defense counsel]?
DEFENSE COUNSEL: Your Honor, I did speak with my client about that matter earlier, and I explained to him that he does have a right to proceed to sentencing immediately if he wishes to do so. However, after having that explained to him, it is his wish to waive a speedy sentencing, insofar as the term of incarceration and fine go, indefinitely until the Court resets the matter. And he will do that in writing.
THE COURT: And, Mr. Daugherty, do you concur with what [defense counsel] said?
MR. DAUGHERTY: Yes, sir.
THE COURT: Okay. Then you may remain standing. And I am going to go ahead and impose the [judgment] and sentence of the Court, except for that portion which is being deferred.
First let me say for the record that the Court has given full and extensive consideration to the sentence being proposed in this case. The Court has considered and rejected the possibility of a straight probation order at this time andwell, for many reasons has rejected that possibility.
The Court will, at this time, [on the first burglary] . . . impose a split sentence pursuant to the Wyoming statute authorizing split sentencing.
And it is specifically the intention of the Court to use a probationary split sentence, as has been recognized by the Wyoming Supreme Court in recent case law. Accordingly, the Court is requiring that you serve one year in the Park County Jail *32 with credit for time served which is a total of 218 days.
And upon the completion of your term of one year in the Park County Jail, you will then be on probation for a period of five years. There will be a number of conditions with respect to that probation, and I will give those to you in a moment.
* * *
And I will find that the total amount of your joint and several liability for restitution is $11,559.33.[1] The Court will further order that you are to pay the sum of $1,000 to the Wyoming Crime Victims' Compensation Fund. That amount may be paid in monthly payments when you're released to be on probation, at the rate of $50 per month, beginning with the second full month after your release.
* * *
The Court will not impose a fine [for the first burglary], but certainly reserves the authority to do that [for the second burglary].
[¶ 6] The district court's intention as to sentencing was further clarified in the written Sentence & Probation Order:
THE COURT HEREBY defers sentencing [for the second burglary] with respect only to any potential fine and period of incarceration, as the Defendant agreed on the record to waive any rights he may have with regard to a speedy disposition in [that case].
IT IS FURTHER ORDERED that in Case [No. 01-13] and Case [No. 01-14], the Defendant shall pay a surcharge to the Crime Victims Compensation Fund in the total amount of $1,000.00.
* * *
IT IS FURTHER ORDERED that [for the first burglary] the Defendant shall be incarcerated in the Park County Detention Center for a period of one (1) year, pursuant to the probationary split sentence statute under Wyoming Statute § 7-13-107(c), with credit for 218 days served. The Defendant shall be granted a furlough to Youth Services International, Inc. at the Defendant's expense upon the following furlough conditions:
* * *
IT IS FURTHER ORDERED that upon the Defendant's successful completion of the one year program at the Youth Services International, Inc. treatment program [for the first burglary] the Defendant shall, at that time be placed on five (5) years supervised probation under the direction of the Wyoming Department of Corrections, Probation and Parole, upon the following terms and conditions with which the Defendant shall comply[.]
[¶ 7] After the sentencing hearing, the appellant was returned to the Park County Jail to continue serving his one-year sentence while awaiting transportation to the Youth Services International facility in Tarkio, Missouri (YSI). His sentence was modified on August 21, 1997, to allow his parents to transport him to that facility. The appellant successfully completed the YSI program and his sentence was modified again on August 6, 1998, this time to allow him to be released from that facility upon graduation, even though he had been there a few weeks short of a full year. His release was conditioned upon the probationary terms and conditions contained in the earlier Sentence & Probation Order.
[¶ 8] The next significant document in the record is the State's Petition to Revoke Probation, filed September 1, 2000. The appellant was arrested pursuant to a bench warrant and brought back before the district court. He denied the allegations of the petition.[2] His attorney also filed a Motion to Dismiss Probation Revocation in Part; Motion to Dismiss [the Second Burglary] in Whole and Objections to Imposition of Prison *33 Sentencing in Either [Case]. The motion raised two issues: (1) whether the district court, having failed at the outset to impose a prison sentence on the first burglary, could do so now; and (2) whether, despite the appellant's waiver of speedy sentencing for the second burglary, imposing sentence more than three years later violated the appellant's constitutional right to due process.
[¶ 9] A hearing on the appellant's motion was held on September 25, 2000. The transcript of that hearing details the confusion shared by all involved as to the exact nature of the original sentences in the two cases and the appellant's probationary status, particularly in regard to the second burglary. The appellant took the position that, for the first burglary, he could not now receive a prison sentence, or that, at most, he could only be sentenced to a maximum of five yearsthe length of his probationwith credit for time served. His second argument was that his right to speedy sentencing now prohibited sentencing for the second burglary. To the contrary, the State took the position that the appellant could be sentenced to any amount of time up to the full statutory ten years for each crime.
[¶ 10] The district court ruled that, since the appellant had never been sentenced or placed on probation for the second burglary, the petition to revoke probation should be dismissed as to that crime. On the other hand, the district court held that sentencing on the second burglary was delayed as an accommodation to the appellant, that the appellant had voluntarily waived his right to speedy sentencing, and that "the matter is still open for sentencing...." In regard to the first burglary, the district court denied the motion to dismiss, holding that the appellant could be sentenced to up to a maximum of five years.
[¶ 11] A separate evidentiary hearing was then set to determine whether probation should be revoked on the first burglary and what sentence should be imposed on the second burglary. That hearing was held on October 2, 2000. At the outset of the hearing, the appellant admitted six of the seven allegations of the revocation petition.[3] After
hearing the testimony of the appellant and his probation officer, the district court revoked probation on the first burglary, and then imposed sentences of incarceration for not less than four years and not more than five years on each burglary, to be served concurrently. The appellant was given credit for time served of twenty-five months for the first burglary and 218 days for the second burglary. The written Order Revoking Probation and Reimposing Sentence, "filed November 2, 2000, indicated that the appellant had reserved his right to appeal the issues now before this Court.

SENTENCING LAW
[¶ 12] Sentencing decisions are within the broad discretion of the sentencing court. Smith v. State, 941 P.2d 749, 750 (Wyo.1997). This Court will not disturb a sentence on the ground of sentencing procedures absent a showing by the defendant of an abuse of discretion, procedural conduct prejudicial to him, circumstances that manifest inherent unfairness and injustice, or conduct that offends the public sense of fair play. Brower v. State, 1 P.3d 1210, 1216 (Wyo.2000). In that regard, the trial judge abuses his discretion if he premises a sentence on a mistaken reading of the law. Cook v. State, 710 P.2d 824, 825 (Wyo.1985).
[¶ 13] The discretion of the trial court is also limited by the fact that a sentencing court may only impose those sentences that have been authorized by the legislature. Williams v. State, 949 P.2d 878, 880 (Wyo.1997); Wyo. Stat. Ann. § 6-10-104 (LexisNexis 2001) ("[w]ithin the limits prescribed by law" the court is "to determine and fix" punishment). As part of that limitation, courts have no inherent right to grant probation. Hicklin v. State, 535 P.2d 743, 752 (Wyo.1975). Probation is a form of sentencing that must be authorized by the legislature. Garton v. State, 910 P.2d 1348, 1354 (Wyo.1996).
[¶ 14] Wyoming's statutes governing sentencing are found mainly in Chapter 10 of Title 6 and Chapter 13 of Title 7. Several *34 individual statutes are relevant to the present inquiry.[4] Every sentence for a felony must meet the dictates of Wyo. Stat. Ann. § 7-13-201 (LexisNexis 2001), which requires imposition of a minimum and maximum term. A felony is any crime that may be punished by death or by imprisonment for more than one year. Wyo. Stat. Ann. § 6-10-101 (LexisNexis 2001). The minimum term of imprisonment in a state penal institution, as opposed to a county jail, is not less than one year. Wyo. Stat. Ann. § 6-10-107 (LexisNexis 2001). Wyo. Stat. Ann. § 7-13-302 (LexisNexis 2001) provides the procedures whereby a convicted person may be placed on probation. The specific, detailed provisions guiding probation and parole are found in Articles 4 and 5 of Chapter 13 in Title 7 of the Wyoming Statutes.
[¶ 15] The source of the legislature's power to limit judicial authority as to sentencing is found in the constitutional separation of powers. The legislative branch has the exclusive power to define crimes and to prescribe punishments for those crimes. Billis v. State, 800 P.2d 401, 412-15 (Wyo. 1990). Consequently, a court may only impose a sentence of incarceration that falls within the minimum and maximum punishment prescribed by statute. Williams v. State, 692 P.2d 233, 235 (Wyo.1984). Where there are multiple charges, the court should impose a separate sentence on each count, rather than a consolidated sentence. Elliott v. State, 626 P.2d 1044, 1046 n. 3 (Wyo.1981); Stambaugh v. State, 613 P.2d 1237, 1243 (Wyo.1980).

SPLIT SENTENCING
[¶ 16] The clear intent of Wyo. Stat. Ann. §§ 6-10-101 and 6-10-107, when read together, is that felons be imprisoned in state penal institutions, while misdemeanants be imprisoned in county jails. This intent is further reflected in Wyo. Stat. Ann. § 6-10-103 (Lexis 1999), which mentions imprisoning misdemeanants in county jails, and in Wyo. Stat. Ann. § 6-10-109 (LexisNexis 2001), which is captioned "Sentences for felonies," and which defines "state penal institution." Finally, Wyo. Stat. Ann. § 7-13-108 (Michie 1995) directs the sentencing court specifically how to sentence felons to incarceration:
Unless otherwise specifically provided by statute, any person convicted of a felony and sentenced to a term of imprisonment shall be sentenced to the custody and control of the department of corrections to be incarcerated in a state penal institution designated by the department.
[¶ 17] The mandate that felons be incarcerated in state penal institutions while misdemeanants be incarcerated in county jails has a concomitant fiscal impact on the state and the individual counties. The state, through the Department of Corrections, funds and maintains the state penal institutions. Wyo. Stat. Ann. § 25-1-104 (Michie 1997). The counties, through their sheriffs, fund and maintain the county jails. Wyo. Stat. Ann. §§ 18-2-103, 18-3-603, 18-6-302 (LexisNexis 2001).
[¶ 18] In 1984, the Wyoming State Legislature created a method whereby certain felons could be housed in county jails, but at state expense. Wyo. Sess. Laws, ch. 57 (1984). The current incarnation of that law, Wyo. Stat. Ann. § 7-13-107 (LexisNexis 2001), generally referred to as the "split sentencing statute," reads as follows:
(a) Following a defendant's conviction of, or his plea of guilty to any felony, other than a felony punishable by death or life imprisonment, the court may impose any sentence of imprisonment authorized by law and except as provided in subsection (g) of this section, may in addition provide:
(i) That the defendant be confined in the county jail for a period of not more than one (1) year; and
(ii) That the execution of the remainder of the sentence be suspended and the defendant placed on probation.
(b) In placing the defendant on probation under subsection (a) of this section, the court may also:
(i) Impose any fine provided by the statute violated;

*35 (ii) Apply the provisions of W.S. 7-13-501 through 7-13-503.
(c) Except as provided in subsection (a) of this section, the court may impose a split sentence of incarceration followed by probation in any felony case including those in which the statute violated specifically provides for a sentence of imprisonment in the state penitentiary.
(d) The court may impose a split sentence as provided by this section at the time a defendant is originally sentenced or at any hearing at which the court modifies or revokes a defendant's probation and at which the defendant is personally present.
(e) The cost of housing convicted felons in the county jail shall be paid by the department of corrections by contract arrangement with the county sheriff. * * *
* * *
(h) A defendant sentenced under this section is not eligible for parole and is not subject to good time allowances authorized under W.S. 7-13-420. The sentencing court shall continue to have jurisdiction over the defendant during the entire time he is confined in county jail and thereafter while the defendant is serving his term of probation.
(j) If consecutive terms of confinement in the county jail are ordered pursuant to this section they shall not exceed a period of one (1) year.
[¶ 19] Proper application of the split sentencing statute is the first issue before this Court. The district court applied the statute as it believed it had been interpreted by this Court. In that regard, there are two particular cases of interest. In 1992, we decided Wlodarczyk v. State, 836 P.2d 279 (Wyo. 1992). Raymond Wlodarczyk had been convicted of aggravated assault. The district court imposed a split sentence of nine months in the county jail, to be followed by three years of supervised probation. After he had served the jail term and most of the probationary period, Wlodarczyk's probation was revoked. The district court then sentenced him to prison for a period of five to six years. Id. at 284.
[¶ 20] In reversing Wlodarczyk's sentence, this Court identified two types of split sentences that could be imposed under Wyo. Stat. Ann. § 7-13-107: (1) split sentencing involving incarceration in the county jail for a period not to exceed one year with a probationary sentence to follow county jail confinement involving probation granted for the balance of the established sentence (classical split sentence); and (2) split sentencing involving incarceration in the county jail for a period not to exceed one year with a probationary sentence to follow county jail confinement with probation granted for a stated period following jail confinement with sentencing postponed subject to entry if probation is revoked (probationary split sentence). Wlodarczyk, 836 P.2d at 287-88. We then applied the rule of lenity, concluding that Wlodarcyzk's sentence was a classical split sentence because it did not reflect an intent to allow complete re-sentencing in the event of probation revocation. Id. at 288. We held that, when probation is revoked in a classical split sentence situation, "only the period remaining upon revocation can be enforced by confinement." Id.
[¶ 21] The second case in which this Court interpreted the split sentencing statute was Kidd v. State, 937 P.2d 1334 (Wyo.1997). Kidd's original sentence for aggravated assault was four years of supervised probation, one condition thereof being that he serve ninety days in the county jail. When Kidd's probation was later revoked, the district court sentenced him to serve thirty to eighty-four months in prison. Id. at 1335. Kidd's appeal was resolved just as Wlodarczyk's had been. We concluded that, since the original sentence had not indicated an intent to reserve full sentencing in the event of probation revocation, the rule of lenity required that we find the sentence to be a classical split sentence. The most that Kidd could be sentenced to was the balance of time remaining on his four-year probationary term. Id. at 1336.[5]
*36 [¶ 22] Unlike the trial judges in Wlodarczyk and Kidd, the district judge in the instant case specifically mentioned his intention that the sentence be a "probationary split sentence, as has been recognized by the Wyoming Supreme Court in recent case law." The written Sentence & Probation Order was even more precise:
IT IS FURTHER ORDERED that [for the first burglary] the Defendant shall be incarcerated in the Park County Detention Center for a period of one (1) year, pursuant to the probationary split sentence statute under Wyoming Statute § 7-13-107(c), with credit for 218 days served. The Defendant shall be granted a furlough to Youth Services International, Inc. at the Defendant's expense upon the following conditions:
* * *
IT IS FURTHER ORDERED that upon the Defendant's successful completion of the one year program at the Youth Services International, Inc. treatment program, [for the first burglary] the Defendant shall, at that time be placed on five (5) years supervised probation ... [.]
[¶ 23] The appellant's sentence for the first burglary clearly and unambiguously was intended to be a probationary split sentence under this Court's then-existing interpretation of the split sentencing statute. Therefore, we have no occasion to interpret the district court's intent and the rule of lenity has no application here. The district court having retained its sentencing authority as to the first burglary, we will affirm the sentence of incarceration for not less than four years and not more than five years imposed upon revocation of the appellant's probation.
[¶ 24] The district court correctly applied Wlodarczyk and Kidd. The sentence imposed for the first burglary fell within the statutory limits and there is no indication that the length of the sentence was determined by anything that occurred after the original sentencing date. For these reasons, we have affirmed the sentence. Nevertheless, this case has once again brought to our attention several problems that continue to arise out of the Wlodarczyk and Kidd holdings. We said the following in Wlodarczyk:
The differences in character between the two types of split sentences define the residual sentencing discretion retained by the district court upon revocation. In the case of the classical split sentence, only the period remaining upon revocation can be enforced by confinement. The probationary split sentence permits the sentencing judge to resentence to any sentence which might have originally been imposed.
Wlodarczyk, 836 P.2d at 288 (emphasis added). We reiterated this proposition in Kidd, 937 P.2d at 1336. Wlodarczyk's original sentence was nine months in jail and three years of probation. No prison sentence initially was imposed. Kidd's original sentence was four years of probation, with ninety days in jail. No prison sentence initially was imposed. We interpreted both sentences, under the statutory language emphasized above, as limiting incarceration upon probation revocation to the probationary period, less time served. Kidd, 937 P.2d at 1336; Wlodarczyk, 836 P.2d at 292. The effect of such an interpretation was to declare that the district court intended the period of probation to equal the period of incarceration.[6]
[¶ 25] While the clear imposition of a probationary split sentence for the first burglary has obviated the need for similar interpretation in the instant case, we are still left with the fact that the split sentence was imposed without the district court first imposing a lawful minimum and maximum sentence. Wyo. Stat. Ann. § 7-13-201 requires minimum and maximum terms:
Except where a term of life is required by law, or as otherwise provided by W.S. 7-13-101, when a person is sentenced for the commission of a felony, the court imposing the sentence shall not fix a definite term of imprisonment, but shall establish a maximum and minimum term within the limits authorized for the statute violated. The maximum term shall not be greater *37 than the maximum provided by law for the statute violated, and the minimum term shall not be less than the minimum provided by law for the statute violated, nor greater than ninety percent (90%) of the maximum term imposed.
W.R.Cr.P. 32(c)(2)(B) contains a similar requirement. In the same vein, the split sentencing statute, itself, provides that the district court may impose a split sentence after imposing any sentence authorized by law. Wyo. Stat. Ann. § 7-13-107(a).
[¶ 26] Several split sentencing cases with underlying minimum and maximum term sentences have come before this Court.[7] In none of those cases were we called upon to re-assess the Wlodarczyk and Kidd holdings that, where no underlying sentence is imposed and there is no clear intent to defer sentencing entirely, we will interpret the probationary period of a split sentence to be the maximum allowable term of confinement. We speak to that point now because the instant case brings the matter once again directly before this Court, and because we are now convinced that Wyo. Stat. Ann. §§ 7-13-107 and 7-13-201 and W.R.Cr.P. 32(c)(2)(B) require the imposition of a minimum and maximum term sentence before split sentencing may be utilized. The holdings of Wlodarczyk and Kidd to the contrary are prospectively overruled, and the distinction between a classical split sentence and a probationary split sentence is hereby abrogated.
[¶ 27] When imposing a split sentence after the date this opinion is published in the advance sheets of West's Pacific Reporter, the sentencing court must first impose a lawful sentence with a minimum and maximum term. Sentencing courts may not simply impose a jail sentence followed by probation. Neither may they postpone sentencing altogether when imposing a split sentence.[8] We now conclude that, rather than authorizing the latter practice, the intent of Wyo. Stat. Ann. § 7-13-107(c) is simply to clarify that split sentencing is available for all felonies except those punishable by death or life imprisonment, even if the statute violated specifically provides for imprisonment in the penitentiary.[9]
[¶ 28] While these conclusions are based primarily on this Court's view of legislative intent, they will also help solve several difficulties left extant by the holdings of Wlodarczyk and Kidd. This Court will no longer have to interpret the wording of split sentences in an attempt to determine the sentencing court's intent. Further, if the imposition of an underlying sentence cannot be postponed indefinitely, issues of speedy sentencing and vindictive sentencing will be less likely to arise.

SPEEDY SENTENCING
[¶ 29] We review speedy sentencing claims under an abuse of discretion standard. *38 Reagan v. State, 14 P.3d 925, 927 (Wyo.2000).
"Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. Byerly v. Madsen, 41 Wash.App. 495, 704 P.2d 1236 (1985)."
Reagan, 14 P.3d at 927 (quoting Vaughn v. State, 962 P.2d 149, 151 (Wyo.1998)). The specific question now before this Court is whether it was an abuse of discretion for the district court to delay sentencing on the second burglary for three years under the particular circumstances of this case.
[¶ 30] The felony information charging the appellant with the second burglary was filed on November 22, 1996. On January 21, 1997, the appellant filed a Waiver of Speedy Preliminary Hearing Within Ten- or Twenty-Day Time Requirement and Request for Continuance of Preliminary Hearing. On the same date, he waived his right to a preliminary hearing and the case was transferred to the district court. Arraignment in the district court occurred on February 12, 1997.[10] The appellant pled guilty to both the first and second burglary, he was adjudicated guilty of both, and a presentence investigation was ordered.
[¶ 31] The evidentiary hearing for sentencing purposes took place on June 20, 1997. Sentence was imposed at a final hearing on June 26, 1997. It was at this latter hearing that the colloquy about speedy sentencing quoted previously herein occurred among the district court, defense counsel, and the appellant. In announcing his desire to defer imposing a prison sentence or fine for the second burglary, the district court informed the appellant specifically that "[y]ou have a right, legally, to a speedy sentencing, and I cannot defer that portion of the sentence unless you are willing to give up that right." Defense counsel than informed the district court that he had previously discussed with the appellant his right to speedy sentencing, and that it was the appellant's "wish to waive a speedy sentencing, insofar as the term of incarceration and fine go, indefinitely until the Court resets the matter." The appellant indicated that he agreed with what his attorney had said. The record further reflects that it was the district court's intent to have the appellant submit a written waiver of speedy sentencing. No written waiver was ever filed.
[¶ 32] The appellant served his split sentence and was placed on supervised probation. On September 1, 2000, the State filed a petition to revoke probation. After a hearing on the appellant's Motion to Dismiss Probation Revocation in Part; Motion to Dismiss [the Second Burglary] in Whole and Objections to Imposition of Prison Sentencing in Either [Case], the district court ruled that, since the appellant had never been on probation for the second burglary, the petition should be dismissed in that regard. The district court further ruled, however, that the appellant had voluntarily waived speedy sentencing, that sentencing had been deferred as an accommodation to the appellant so he could attend the YSI program, and that the appellant could still be sentenced for the second burglary. On October 2, 2000, the appellant was sentenced to a term of not less than four years and not more than five years, with credit for 218 days served.
[¶ 33] The appellant's current argument that this series of events violated his right to speedy sentencing is two-pronged. First, citing Burkett v. Cunningham, 826 F.2d 1208 (3rd Cir.1987) and Perez v. Sullivan, 793 F.2d 249 (10th Cir.), cert. denied, 479 U.S. 936, 107 S.Ct. 413, 93 L.Ed.2d 364 (1986), he contends that any "unreasonable sentencing delay" violates a defendant's right to due process of law. His primary argument is based upon the following language from Yates v. State, 792 P.2d 187, 191 (Wyo.1990):
We elect to hold that a delay in sentencing in excess of one calendar year from the date guilt is established, either by trial, whether to a jury or to the court, or upon a plea of guilty or nolo contendere, is presumptively unreasonable. A court may not pronounce sentence on a defendant after the expiration of such time, unless the record clearly establishes those facts and *39 circumstances that excuse the delay, thus making later imposition of the sentence reasonable. The State must bear the burden of establishing those facts and circumstances. Our rule with respect to the one-year period is derived in consonance with Rule 36(b), W.R.Cr.P. [now W.R.Cr.P. 35(b)], which permits a trial court to reduce a sentence within one year of its imposition. We recognize that one year is an appropriate period of time within which a district court may reconsider the sentence that it has imposed, and it follows that one year also is a reasonable period of time to require the imposition of sentence. While we hold that the delay in excess of one year is presumptively unreasonable, we do not hold that the delay serves to deprive the district court of jurisdiction. Rather, we hold that the delay exceeds the bounds of reason if its occurs beyond that date and, in the interest of fairness, due process of law, and expeditious handling of court matters, a court should be foreclosed from imposing sentence after the one year period of time.
[¶ 34] The State responds by arguing that the record does, indeed, reveal "those facts and circumstances that excuse the delay." The State points to the transcript of the June 20, 1997, hearing, where the appellant, his attorney, his parents, and the probation agent aggressively prevailed upon the district court to allow the appellant to attend the YSI program in Missouri, rather than go to prison. The State then concludes that it was the district court's desire to accommodate this request that led the district court to defer sentencing on the second burglary.
[¶ 35] A close reading of the transcripts from both the June 20, 1997, and the June 26, 1997, hearings, however, reveals no specific statement where the district court indicated that the decision to defer sentencing for the second burglary was based on any desire to accommodate the appellant. Read together, the transcripts of both hearings do suggest that the decision to impose a split sentence and to allow a furlough for the YSI program was made to accommodate that request. But the transcripts of the sentencing hearings do not make clear why the appellant could not have been sentenced on the second burglary, with supervised probation to include participation in the YSI program.
[¶ 36] Three years later, at the hearing on the appellant's Motion to Dismiss Probation Revocation in Part; Motion to Dismiss [the Second Burglary] in Whole and Objections to Imposition of Prison Sentencing in Either [Case], the district court did indicate that its decision to defer sentencing was made as an accommodation to the appellant:
Regarding Case Number [01-14], the Court will further rule that that matter is still open for sentencing, in view of the fact that there was, in open court, on the record, a waiver of speedy sentencing, and Mr. Daugherty was here, he was represented by counsel, he was prevailing on the Court to do that very thing, and it was an accommodation to him so that he could go to the program he was proposing to go to. And the only way the Court was willing to do that was if he waived his right to speedy sentencing, which he did. It's all in the record.
[¶ 37] One inference that might be made from this record is that, for some reason, the appellant could not participate in the YSI program if he was under a sentence, even a probationary sentence, for the second burglary. But another inference is that the district court wanted to see whether the appellant succeeded in that program before imposing the second sentence. The existence of that inference leads to the second prong of the appellant's speedy sentencing attack, which is his contention that, while he did waive his right to speedy sentencing, he did not do so voluntarily and knowingly. His argument is encapsulated in the following sentences from his appellate brief:
The District Court accepted Daugherty's purported waiver without advising him of the implications or consequences of such waiver. The lack of notification violated Daugherty's constitutional rights and the violation was especially prejudicial in light of the subsequent developments in this case. Daugherty was ultimately sentenced after the State filed a petition to revoke his probation in Case No. [01-13]. Consequently, the effect of the delay in sentencing *40 was to place Daugherty on probation without advising him of the conditions of that probation or the consequences of failing to comply with the implied conditions. Under these circumstances, there is simply no question that Daugherty was not aware of the nature of the right he was waiving or the consequences of the waiver.
[¶ 38] For a waiver to be valid, there must be "`an intentional relinquishment or abandonment of a known right or privilege,'" and the waiver must be knowingly and intelligently made. Nelson v. State, 934 P.2d 1238, 1241 (Wyo.1997) (quoting Van Riper v. State, 882 P.2d 230, 234 (Wyo.1994)). A defendant need not, however, know and understand every possible consequence of this waiver for it to be valid. Solis v. State, 851 P.2d 1296, 1299 (Wyo.1993). Whether a waiver was made voluntarily, knowingly, and intelligently depends upon the surrounding facts and circumstances. Id.; Mapp v. State, 953 P.2d 140, 144 (Wyo.1998). The state bears the burden of proving by a preponderance of the evidence that a waiver was made knowingly, voluntarily, and intelligently. Solis, 851 P.2d at 1299.
[¶ 39] In the instant case, the district court explained to the appellant that: (1) he had a legal right to speedy sentencing; (2) sentencing could not be deferred unless he waived that right; and (3) the part of sentencing that would be deferred would be any prison sentence or fine. In addition, defense counsel informed the district court, in the presence of the appellant, that: (1) counsel previously had spoken with the appellant about his speedy sentencing rights; (2) the appellant wished to waive speedy sentencing as to any prison sentence or fine; and (3) sentencing would be deferred "indefinitely until the Court resets the matter." In response to a question from the district court, the appellant indicated his agreement with what his counsel had said.
[¶ 40] Despite all this information as to the existence of the speedy sentencing right, there is a glaring absence in the record of anything to indicate the appellant was advised what it was that could bring about sentencing on the second burglary. The district court indicated in open court only that it wished to defer sentencing, and did not say for how long or for what reasons. Defense counsel said that the appellant agreed to postpone sentencing "indefinitely until the Court resets the matter." The written Sentence & Probation Order merely defers sentencing based upon the appellant's waiver of speedy sentencing. Nowhere in the record is there any indication that imposition of sentencing for the second burglary would occur as a result of a probation violation under the sentence being served for the first burglary. Yet, the appellant argues, that is exactly what happened in this case. Either that, or he was effectively placed on probation for the second burglary, with the probationary condition being that he not violate his probation for the first burglary. We agree with the appellant that his waiver was not made "knowingly, voluntarily, and intelligently."
[¶ 41] This Court is not willing to countenance an open-ended deferral of sentencing under the circumstances of this case. In Yates, we adopted a one-year standard of presumptive reasonableness for speedy sentencing, with the state bearing the burden of establishing such facts and circumstances as might excuse a delay beyond one year. Yates, 792 P.2d at 191. Here, sentencing occurred three years after guilt was established. There is nothing in the record to indicate why sentencing did not occur in the interim period. For instance, why was sentence not imposed for the second burglary when the appellant had successfully completed the one-year period of his split sentence for the first burglary? Beyond that, if the imposition of a sentence for the second burglary was meant to be a penalty for violation of probation on the first burglary, or, stated differently, if successful probation on the first burglary was a condition to the continued deferral of sentencing on the second burglary, the appellant was never so informed. Such a lapse implicates the appellant's right to the due process of law in that he had no notice of such consequences. See Solis, 851 P.2d at 1299.
[¶ 42] Of equal concern where there has been an unreasonable sentencing delay is the possibility that, when sentencing finally occurs, the sentencing court will consider *41 matters that occurred after sentence should have been imposed, thereby exposing the defendant to a greater punishment. Yates, 792 P.2d at 192. In particular, there is a danger that punishment will be increased because of the conduct that serves as the basis for a later probation revocation. Id.; Reagan, 14 P.3d at 927-28. There is at least an argument that this occurred in the present case, where the appellant was sentenced to a lengthier sentence than had been requested by the State at the original sentencing hearing.[11]
[¶ 43] In Wlodarczyk, 836 P.2d at 286-87, we identified the seven types of sentences available under the Wyoming statutes: (1) an indeterminate sentence under Wyo. Stat. Ann. § 7-13-201; (2) deferred prosecution under Wyo. Stat. Ann. § 7-13-301; (3) straight probation under Wyo. Stat. Ann. § 7-13-302; (4) probation with suspended imposition of sentence under Wyo. Stat. Ann. § 7-13-302; (5) probation with suspended sentence under Wyo. Stat. Ann. § 7-13-302; (6) classical split sentencing under Wyo. Stat. Ann. § 7-13-107(a); and (7) probationary split sentencing under Wyo. Stat. Ann. § 7-13-107(c). None of these alternatives contemplates the lack of sentencing that occurred with respect to the second burglary in the instant case. The closest would be option (7)probationary split sentencingbut even that option requires a specific probationary period and a stated condition that sentence be imposed upon probation violation.
[¶ 44] W.R.Cr.P. 32(c)(1) contains clear guidance for trial courts wishing to overcome the presumption that a delay in sentencing for over a year is unreasonable: "Sentence shall be imposed without unnecessary delay, the court may, when there is a factor important to the sentencing determination that is not then capable of being resolved, postpone the imposition of sentence for a reasonable time until the factor is capable of being resolved." If sentence is not to be imposed at the time guilt is established or soon thereafter, the trial court must ensure that the record clearly indicates the reason for the delay and the circumstances under which the matter will be reset for sentencing.

CONCLUSION
[¶ 45] For the first burglary, Case No. 01-13, the appellant was sentenced under Wyo. Stat. Ann. § 7-13-107(c) to a probationary split sentence. Under this Court's then-existing construction of that statute, the district court retained its jurisdiction over the appellant and its full authority to sentence him upon revocation of his probation. The sentence imposed, four to five years, was within the sentencing discretion of the district court, and it is affirmed. We hold, however, that district courts imposing a split sentence in the future must first impose a lawful sentence with minimum and maximum terms of imprisonment. The holdings to the contrary contained in Wlodarczyk, 836 P.2d 279, and Kidd, 937 P.2d 1334, are hereby prospectively overruled.
[¶ 46] For the second burglary, Case No. 01-14, sentencing was simply deferred indefinitely, and eventually occurred more than three years after guilt was established. The State has not met its burden of showing that this delay was reasonable or that the appellant's waiver of his right to speedy sentencing was made knowingly, voluntarily, and intelligently. The sentence imposed, four to five years, is vacated, but the judgment of conviction remains.
NOTES
[1] The presentence investigation report and the written Sentence & Probation Order filed on July 10, 1997, made it clear that the restitution amount, $11,559.33, was the total amount owed under both cases and for certain uncharged forgeries.
[2] The allegations were: (1) failure to pay the Crime Victims' Compensation Fund surcharge; (2) a breach of peace conviction; (3) an interference with a peace officer conviction; (4) use of cocaine; (5) a marijuana possession conviction; (6) entry into a liquor store and purchase of alcohol; and (7) use of methamphetamine.
[3] The appellant denied using cocaine.
[4] Wyo. Stat. Ann. § 7-13-107 (LexisNexis 2001), the "split sentencing" statute, will be discussed later herein, as will Wyo. Stat. Ann. § 7-13-108 (Michie 1995).
[5] Central to this Court's reasoning in Kidd was our determination that the county jail time could not be a probationary condition because Wyo. Stat. Ann. § 7-13-401(a)(x) (1995) defined "probation" as being "a sentence not involving confinement." Kidd, 937 P.2d at 1336.
[6] Justice Thomas identified this interpretive process as a problem nearly a decade ago in his special concurrence in Wlodarczyk, 836 P.2d at 296-97 (Thomas, J., concurring specially).
[7] See Buckles v. State, 998 P.2d 927, 929 (Wyo. 2000) (eighteen to sixty months, with split sentence of sixty days followed by probation); Pearl v. State, 996 P.2d 688, 688 (Wyo.2000) (one to four years, with split sentence of 120 days in the county jail followed by four years of probation); Henderson v. State, 976 P.2d 203, 206 (Wyo.1999) (four to six years, with split sentence of sixteen days in county jail followed by six years of probation); Snyder v. State, 912 P.2d 1127, 1129 (Wyo. 1996) (suspended prison sentence, with split sentence of thirty days in the county jail followed by five years of probation); Roberts v. State, 912 P.2d 1110, 1111 (Wyo.1996) (four to six years, with split sentence of one year in the county jail followed by six years of probation); and Smith v. State, 902 P.2d 1271, 1275 (Wyo.1995) (twenty-four to forty-eight months, with all but sixty days suspended, those sixty days to be served in the county jail, followed by four years of probation). An additional case, Paugh v. State, 9 P.3d 973, 975 (Wyo.2000), apparently involved a split sentence similar to that in Wlodarczyk and Kidd that is, ninety days in the county jail followed by sixty months of probation, with no specific minimum or maximum prison termbut no issue as to the sentence was raised on appeal.
[8] To the contrary, suspending the imposition of sentencing under Wyo. Stat. Ann. § 7-13-302(a)(i) does not violate the principle of Wyo. Stat. Ann. § 7-13-201 because, unlike the split sentencing situation, no sentence is being imposed.
[9] While most of Wyoming's felony statutes provide only that violations are "punishable by imprisonment," others specify that imprisonment shall be "in the penitentiary." For example, compare Wyo. Stat. Ann. §§ 6-3-402(c)(i) and 6-4-402(b) (LexisNexis 2001) with Wyo. Stat. Ann. §§ 6-2-105(b) and 6-2-106(b) (LexisNexis 2001).
[10] No issue has been raised as to any pre-arraignment delays.
[11] The State argued for a sentence of two to four years.