389 So.2d 712 (1980)
H. Stockton MASSEY, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 80-1234.
District Court of Appeal of Florida, Second District.
October 31, 1980.
*713 Robert A. Young of Trakas & Young, P.A., Winter Haven, and William Dayton of Dayton & Dayton, P.A., Dade City, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Eula Tuttle Mason, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
This appeal involves the legality of a ninety day sentence which the trial court ordered appellant to serve in weekend increments.
The court originally placed appellant on eleven months' probation as a result of several traffic-related misdemeanors and resisting arrest without violence. It later revoked probation on the resisting arrest without violence charge and sentenced him to ninety days in jail "to be served on weekends from Fridays at 6:00 p.m. through Sundays at 6:00 p.m. to begin May 11, 1980." This court affirmed the revocation.
When appellant failed to report on the seventeenth weekend, the trial court adjudicated him guilty of indirect contempt and sentenced him to thirty days in jail. It also ordered the suspension of the ninety day sentence during the thirty day incarceration. Appellant filed a motion for postconviction relief attacking the legality of the ninety day sentence and the subsequent order of contempt. This is an appeal from the denial of that motion.
A defendant may attack an illegal sentence by a motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Skinner v. State, 366 So.2d 486 (Fla.3d DCA 1979). Therefore, we must decide whether the court could legally impose an intermittent sentence.
There is nothing in our statutes which purports to authorize an interrupted sentence. While there are no Florida decisions directly on point, our courts have on several occasions observed that a prisoner is entitled to pay his debt to society in one stretch rather than in bits and pieces. Segal v. Wainwright, 304 So.2d 446 (Fla. 1974); Ex parte Bosso, 41 So.2d 322 (Fla. 1949); State v. Coleman, 149 Fla. 28, 5 So.2d 60 (1941). The Supreme Court of Arizona has held that a defendant convicted of a misdemeanor for which the maximum penalty was one year in jail could not be given a sentence of ninety days to be served in interrupted periods. State v. Bigelow, 76 Ariz. 13, 258 P.2d 409 (1953). The Supreme Court of Nebraska reached a similar conclusion in State v. Jurgens, 187 Neb. 557, 192 N.W.2d 741 (1971). In light of these authorities, we hold that, except where the defendant consents, the court cannot impose an interrupted sentence.
We hasten to point out that our decision does not conflict with State v. Williams, 237 So.2d 69 (Fla.2d DCA 1970), because there the court imposed the requirement of intermittent incarceration as a condition of probation. Also, because we conclude that the sentence was illegal, we do not consider appellant's further argument that the court lost jurisdiction to hold him in contempt after it sentenced him and placed him in the hands of those charged with the responsibility of his custody. See Ex parte Turner, 73 Fla. 360, 74 So. 314 (1917).
Since appellant's sentence was illegal, we remand the case with directions that the court resentence appellant, with credit for all jail time, including any time served under the contempt order. Since fractions of days are counted as full days at common law, appellant is entitled to three days' credit for each of the weekends he has served. State v. Jurgens.
REVERSED and REMANDED.
HOBSON, Acting C.J., and RYDER, J., concur.