522 So.2d 509 (1988)
Timothy J. CALHOUN, Appellant,
v.
STATE of Florida, Appellee.
No. BQ-419.
District Court of Appeal of Florida, First District.
March 18, 1988.
Michael E. Allen, Public Defender; Pamela D. Presnell, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Elizabeth Masters, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Appellant, Timothy J. Calhoun, appeals his sentences and an order imposing community service in lieu of court costs. We reverse and remand for resentencing.
Appellant entered negotiated pleas of guilty to two direct informations (Cases 86-117CF and 86-118CF), each charging a single count of burglary of a structure other than a dwelling, a third-degree felony, in violation of section 810.02(3), Florida Statutes (1985). The written plea agreement covered both informations and provided that appellant's sentence would be within the recommended sentencing guideline range. A sentencing guideline scoresheet was prepared, indicating a recommended range of seven to nine years incarceration. The judgment in Case No. 86-117CF ordered imprisonment for five years followed by two years probation, and allowed 63 days credit for time served. The judgment in Case No. 86-118CF ordered imprisonment for four years followed by two years probation, allowed 63 days credit for time served, and directed "that the sentence imposed for this count shall run consecutive with the sentence set forth in Count I [Case] 86-117CF above." That judgment further provided that "the composite term of all sentences imposed for the counts specified in this order shall run consecutive *510 ... with ... any active sentence being served." By separate order referring to both cases, the court found appellant to be indigent, imposed a period of community service in lieu of court costs, pursuant to section 27.3455, Florida Statutes, and stated:
The defendant must complete the period of community service within six months of his release from incarceration. Failure of the defendant to perform the required community service as directed shall result in the revocation of defendant's gain time and completion of the balance of the original sentence.
Appellant contends that the trial court imposed a sentence of five years incarceration in one case, to be followed by four years incarceration in the second case, to be followed by a term of probation. It is apparent from the explicit provisions in the judgments and sentences, however, as the State contends, that the trial court imposed two consecutive split sentences, i.e., five years incarceration and two years probation in one case, followed by a consecutive split sentence of four years and two years probation in the second case.
The two split sentences imposed are invalid for two reasons. First, where the court imposes a split sentence, the total sanction (incarceration and probation) may not exceed the maximum term provided by general law. Committee Note to Florida Rule of Criminal Procedure 3.701(d)(12). Since the maximum sentence for the third degree felony charged in each information is five years, it is obvious that both sentences exceed that limitation. Second, in order to conform to the judgments as written, appellant would have to serve five years imprisonment, be released to serve two years probation, then be "recalled" to serve four more years imprisonment before again being released to serve two years probation. Such an interrupted sentence is not allowed under Florida Statutes. See Lanier v. State, 504 So.2d 501 (Fla. 1st DCA 1987); Massey v. State, 389 So.2d 712 (Fla. 2d DCA 1980).
Next, the quoted provision in the trial court's order imposing community service is invalid. As held in Causey v. State, 504 So.2d 34 (Fla. 1st DCA 1987), the circuit court has no authority to order the summary revocation of gain time as part of a sentence, because "[s]uch power is the exclusive province of the Department of Corrections, and even its power ceases upon the prisoner's release from incarceration." 504 So.2d at 35. On remand, appellant is to be resentenced pursuant to the amended section 27.3455, Florida Statutes (1987), which deletes both the option of imposing community service in lieu of costs for indigent defendants and the penalty provision for failure to pay fines. Riddell v. State, 509 So.2d 956 (Fla. 1st DCA 1987); Brown v. State, 508 So.2d 776 (Fla. 1st DCA 1987); Jones v. State, 507 So.2d 763 (Fla. 1st DCA 1987).
Accordingly, we reverse and remand for resentencing within the recommended sentencing guidelines and for rehearing on the issue of costs.
REVERSED and REMANDED.
ZEHMER and THOMPSON, JJ., concur.