2011 WY 130

**James Phillip GRAHAM, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. S–11–0053.

Supreme Court of Wyoming.

Sept. 16, 2011.

Representing Appellant: James Phillip Graham, pro se.

Representing Appellee: Gregory A. Phillips, Attorney General; Terry L. Armitage, Deputy Attorney General; Susan G. O'Brien, Senior Assistant Attorney General; D. Michael Pauling, Senior Assistant Attorney General.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

BURKE, Justice.

[¶ 1]   In 1999, James Phillip Graham was convicted on four counts of obtaining property by false pretenses.  His appeal challenged the amount of restitution ordered as part of his sentence. We affirmed in part and reversed in part.  *Graham v. State*, 2001 WY 5, 16 P.3d 712 (Wyo.2001).

[¶ 2]   In 2010, Mr. Graham filed a "Motion to Correct an Illegal Sentence."  The district court denied the motion, a decision that Mr. Graham now seeks to appeal.  Because his appeal is barred under the doctrine of *res judicata*, we will affirm.

### ISSUES

[¶ 3]   Mr. Graham's *pro se* brief lists these five issues:

1.   The court imposed an illegal sentence where there is no authority under the law to include a consecutive sentence of probation, after the court had sentenced appellant to prison.

2.   The court imposed an illegal sentence where the sentence of probation, in violation of law, began three years after appellant was sentenced to incarceration.

3.   The court imposed an illegal sentence where the sentence of probation was three years beyond the maximum sentence that could have been imposed by the court.

4.   The court imposed an illegal sentence by sentencing appellant to restitution for crimes for which he was never tried and convicted.

5.   The court, having imposed an illegal sentence, was without jurisdiction to revoke appellant's probation where jurisdiction under the law lies solely in the board of parole after incarceration in prison.

The State responds that these claims are barred by *res judicata*, but further asserts that if we consider Mr. Graham's claims, the district court did not abuse its discretion when it denied the motion to correct an illegal sentence.

### FACTS

[¶ 4]   In 1999, Mr. Graham was charged with ten counts of obtaining property by false pretenses, in violation of Wyo. Stat. Ann. § 6–3–407(a)(i) (LexisNexis 1999). Pursuant to a plea agreement, he pleaded no contest to four of the counts, and the State dismissed the remaining six.  After accepting Mr. Graham's plea, the district court sentenced him to 30 to 36 months imprisonment on Count III, to be served concurrently with a federal sentence that Mr. Graham was also about to begin serving.  The district court sentenced him to five to seven years on each of Counts IV, V, and VI, these sentences to be served concurrently with each other, but consecutive to the sentence for Count III. The district court then suspended the sentences on Counts IV, V, and VI, and instead ordered ten years probation, also to be served consecutive to the sentence for Count III. In accordance with the plea agreement,

Mr. Graham was ordered to pay restitution to nine victims of the crimes originally charged.

[¶ 5]  Although Mr. Graham had agreed to pay restitution, he reserved the right to contest the amount of restitution, and he appealed the district court's order as imposing excessive restitution on two of the counts. We affirmed in part, reversed in part, and remanded with directions. *Graham*, ¶ 11, 16 P.3d at 715–16. On remand, the district court entered a stipulated order reducing the amount of restitution in accordance with our directions.

[¶ 6]  Mr. Graham served his sentence on Count III concurrently with his federal sentence. He was released from federal prison in 2002, and immediately began serving his probation on Counts IV, V, and VI. When his probation was revoked in 2007, the district court reinstated the probation with certain additional conditions. When Mr. Graham's probation was revoked again in 2008, the district court ordered him to serve three and a half to seven years imprisonment on each of the three counts, the sentences to be served concurrently.

[¶ 7]  In 2010, Mr. Graham filed a motion in district court to correct an illegal sentence. After a hearing, the district court ruled that Mr. Graham's sentence was not illegal, and denied the motion. Mr. Graham filed this appeal of the district court's decision.

### STANDARD OF REVIEW

[¶ 8]  The application of *res judicata* is a question of law, subject to *de novo* review. *Moore v. State*, 2009 WY 108, ¶ 20, 215 P.3d 271, 276 (Wyo.2009). Because that issue is dispositive in this case, we need not reach the other issues raised by Mr. Graham.

### DISCUSSION

[¶ 9]  W.R.Cr.P. 35(a) provides that a court may correct an illegal sentence "at any time." But while there is no time limit on motions to correct an illegal sentence, other limitations still apply. Our precedent makes it clear that *res judicata* is one applicable limitation. As we said in *Hamill v. State*, 948 P.2d 1356, 1358–59 (Wyo.1997):

The district court found that Hamill's claim was barred under the principles of *res judicata*. Hamill counters that *res judicata* is not a bar to an illegal sentence because W.R.Cr.P. 35(a) provides that "[t]he court may correct an illegal sentence at any time." Hamill argues, without authority, that because an illegal sentence is plain error and he has not alleged this particular error in any previous petition, the principles of *res judicata* do not apply.

Contrary to Hamill's assertion, the doctrine of *res judicata* is not limited to only those issues which were actually decided in an earlier proceeding. Issues which *could* have been raised in an earlier proceeding may also be foreclosed from subsequent consideration. *Kallas* [*v. State* ], 776 P.2d [198,] 199 [ (Wyo.1989) ]; *Cutbirth* [*v. State* ], 751 P.2d [1257,] 1261 [ (Wyo. 1988) ]. Thus, unless Hamill can show good cause why the issue was not raised at an earlier opportunity, or that the interests of justice require consideration of his claim, the court may refuse to consider the issue in a later proceeding.

(Emphasis in original.)

[¶ 10]  Mr. Graham could have raised his first four issues in his initial appeal, and he has not suggested any good cause for failing to do so. In his fifth issue, he challenges the revocation of his probation in 2008. It may be true that he could not have raised this issue before, as his probation had not yet been revoked at the time of his initial appeal. However, his argument that the district court lacked authority to revoke his probation is founded on the assertion that the underlying sentence of probation was illegal. Because *res judicata* bars his claims that the underlying sentence was illegal, there is no foundation for his challenge to the subsequent revocation of his probation. Further, we are not compelled to consider Mr. Graham's claims in the interests of justice, largely because his claims are without merit.

[¶ 11]  He incorrectly asserts that his sentence was longer than the maximum allowed by statute. He points out that the statute under which he was convicted, Wyo. Stat. Ann. § 6–3–407(a)(i), provides for a

maximum sentence of ten years. He argues that he was sentenced to three years in prison followed by ten years of probation, for a total of thirteen years. However, he completely overlooks the fact that he was convicted on four separate counts of obtaining property by false pretenses. The district court could have imposed ten years imprisonment on each count, for a total of forty years. Mr. Graham's thirteen year sentence was, therefore, well within the maximum allowed by statute.

[¶ 12] Mr. Graham also argues that the district court lacked authority to sentence him to both imprisonment and probation. He cites *Sorenson v. State*, 604 P.2d 1031 (Wyo.1979) for the proposition that a court may sentence a defendant to imprisonment or probation, but not both. *Sorenson* is not really applicable, as it dealt with the authority of a district court to impose conditions of parole, not probation. However, we have held that a sentence is illegal if it places a defendant "on probation and in detention at the same time for the same crime." *Endris v. State*, 2010 WY 73, ¶ 22, 233 P.3d 578, 583 (Wyo.2010). Again, however, Mr. Graham simply ignores the fact that he was convicted on four separate counts. He was sentenced to imprisonment on Count III, and consecutive to that, to probation on Counts IV, V, and VI. He was not sentenced to imprisonment and probation at the same time, nor for the same crime.

[¶ 13] Mr. Graham also relies on language in *Jones v. State*, 811 P.2d 284, 285 (Wyo.1991), indicating that a sentence must "be imposed within one calendar year from the date guilt is established." He argues that the district court violated this requirement because it ordered the probation on Counts IV, V, and VI to begin after his three years of imprisonment on Count III. The problem referred to in *Jones*, however, was that the district court did not impose any prison sentence at all, only a sentence of probation. We explained that it was improper for the court to impose a prison sentence three years later, after probation was revoked. *See Jones*, 811 P.2d at 286, discussing *Yates v. State*, 792 P.2d 187, 191–92 (Wyo.1990). In Mr. Graham's case, the district court did not wait more than a year to impose sentence. It imposed prison sentences on all four counts, and did so on the very same day that it found Mr. Graham guilty. It suspended the prison sentences on Counts IV, V, and VI in favor of probation, and ordered that the probation would be consecutive to the prison sentence on Count III. That was well within the district court's sentencing discretion, and does not alter the basic fact that Mr. Graham's sentences were all imposed within one year of establishing his guilt.

[¶ 14] Next, Mr. Graham complains that the district court ordered him to pay restitution for crimes he was not convicted of committing. As set forth above, Mr. Graham was ordered to pay restitution to nine of the victims. Our rule is that a court has no authority "to order restitution where there was no admission of the crimes *or agreement to pay restitution as part of the plea agreement*." *Crapo v. State*, 2007 WY 194, ¶ 14, 172 P.3d 393, 397 (Wyo.2007) (emphasis added). During Mr. Graham's change of plea hearing, the district court questioned him about the plea agreement: "Now, you've also agreed to make restitution to alleged victims [in] the charges [that] are going to be dismissed. You're agreeable to make restitution to those people also?" Mr. Graham unequivocally responded "Yes, sir."

[¶ 15] Finally, Mr. Graham claims that his sentence was illegal, and so the district court lacked authority to revoke his probation. Because the underlying sentence was not illegal, this claim is baseless.

[¶ 16] Affirmed.