2012 WY 102
**Jerele Craig COTHREN, Jr.,
Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

No. S–11–0240.

Supreme Court of Wyoming.

July 30, 2012.

---

pellate Counsel; Eric M. Alden, Senior Assistant Appellate Counsel.

Representing Appellee: Gregory A. Phillips, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Susan G. O'Brien, Senior Assistant Attorney General.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

VOIGT, Justice.

[¶ 1] The appellant, Jerele Craig Cothren, Jr., currently faces four separate sentences from three courts for unrelated crimes. The most recent sentence, and the one upon which the appellant's appeal is based, required that the appellant serve his term of incarceration concurrent with a sentence for which the appellant is presently incarcerated, as well as consecutive to a probationary period that has yet to begin. Because it is impossible to meet both these requirements, and because the sentence as pronounced would require the period of incarceration to be interrupted by a period of probation, the sentence is illegal. We remand to the district court for resentencing.

## ISSUE

[¶ 2] Is the sentence at issue an illegal sentence?

## FACTS

[¶ 3] Between 2007 and 2010, three district courts sentenced the appellant on four separate occasions for various unrelated crimes. On August 21, 2007, in Natrona County, the appellant pled guilty to larceny by a bailee and received a sentence of two-to-four-years imprisonment at the Wyoming State Penitentiary, suspended in favor of three-years probation. On May 3, 2009, in Sheridan County, the appellant pled guilty to six counts of forgery and one count of identity theft and was sentenced to five-to-eight-years imprisonment on each charge, to run concurrently.[1] On November 18, 2009, in

---

Representing Appellant: Diane M. Lozano, State Public Defender; Tina N. Olson, Ap-

1. The Court relies upon the Post–Sentence Investigation Report to ascertain this date and notes

that the Presentence Investigation Report indicates a different date for the appellant's Sheridan

Platte County, the appellant pled guilty to livestock rustling and was sentenced to two-to-five-years imprisonment, suspended in favor of five-years probation. On May 30, 2010, the appellant's Natrona County probation was revoked and he was ordered to serve two-to-four-years imprisonment. Finally, regarding the sentence at issue on appeal, the appellant pled guilty to forgery, and on August 6, 2010, was sentenced by the Natrona County district court to eight-to-ten years "to be served concurrent with [the] Sheridan County [sentence], and consecutive to [the] Natrona County [sentence] and [the] Platte County [sentence]."

[¶ 4] The appellant started his incarceration on May 3, 2009, as a result of his Sheridan County sentence of five-to-eight years. He is also currently serving a two-to-four-year term as a result of the revocation of his Natrona County probation. If the appellant serves the maximum time on his sentences, he will be released in May 2017. At that time, the appellant would begin serving his Platte County five-year probation, which the district court ordered to be served consecutive to the Sheridan County sentence. The sentence that is being appealed, the appellant's second Natrona County sentence, was ordered to be served consecutive to the first Natrona County sentence, consecutive to the Platte County probation, and concurrent with the Sheridan County sentence.

[¶ 5] The appellant filed a Motion to Correct Illegal Sentence on June 20, 2011. He argued that the second Natrona County sentence is illegal because it would be impossible to serve his imprisonment concurrent with a sentence that is already running (the Sheridan County sentence) and also consecutive to a term that is yet to begin (the Platte County probation). The district court denied the appellant's motion, finding that the sentence was not illegal and was in keeping with the terms of the plea agreement. The appellant now appeals that decision.

## STANDARD OF REVIEW

[¶ 6] The legality of a sentence is a matter of law that we review *de novo. Mo-*

*ronese v. State,* 2012 WY 34, ¶ 5, 271 P.3d 1011, 1013 (Wyo.2012).

## DISCUSSION

[¶ 7] The appellant is currently serving a five-to-eight-year sentence out of Sheridan County, which began on May 3, 2009. Following completion of this sentence in 2017, at the latest, the appellant is supposed to begin a five-year period of probation as a result of a sentence out of Platte County. Prior to these sentences, the appellant was sentenced by Natrona County district court to three-years probation. That probation was revoked on May 30, 2010, and the appellant was ordered to serve a term of two-to-four-years imprisonment. Although the record does not include the order revoking this probation, and the briefs, the Motion to Correct Illegal Sentence, and the transcript of the hearing on that motion differ as to the timing of this sentence, the appellant was incarcerated when his probation was revoked and is therefore presently serving this sentence concurrent with the Sheridan County sentence.

[¶ 8] The legality of the appellant's second Natrona County sentence is the issue addressed in this appeal. The Natrona County district court ordered that the five-to-eight-year sentence be served consecutive to the earlier Natrona County sentence, which, as mentioned above, is being served currently, concurrent with the Sheridan County sentence, and consecutive to the appellant's five-year Platte County probation, which will begin following the completion of the Sheridan County sentence.

[¶ 9] It is impossible for all of these sentences to be served as ordered by the Natrona County district court. Assuming the appellant serves the maximum terms, the first Natrona County sentence will end in May 2014 and the Sheridan County sentence will end in May 2017. The sentence on appeal, the second Natrona County sentence, was ordered to be served consecutive to the

---

County sentence. Neither the Sheridan County Judgment and Sentence nor the first Natrona County Judgment and Sentence were included in the record. Any discrepancies are not material to this decision's holding.

first Natrona County sentence and concurrent with the Sheridan County sentence. In order to meet those requirements, the sentence will begin, under the above scenario, in May 2014, following the completion of the earlier Natrona County sentence, and will run concurrently with the balance of the Sheridan County sentence. The sentence on appeal, however, is also supposed to be served consecutive to the Platte County probation, which is supposed to follow completion of the Sheridan County sentence. The appellant is correct that it is impossible for the second Natrona County sentence to be served concurrent with a sentence that is already being served as well as consecutive to a sentence that has yet to begin.

[¶ 10] Moreover, as both parties agree, it would be improper to split the appellant's second Natrona County incarceration so that it would be interrupted by a period of probation. "The discretion of the trial court is also limited by the fact that a sentencing court may only impose those sentences that have been authorized by the legislature." *Daugherty v. State*, 2002 WY 52, ¶ 13, 44 P.3d 28, 33 (Wyo.2002) (citing *Williams v. State*, 949 P.2d 878, 880 (Wyo. 1997)). Courts are to "determine and fix the punishment" "[w]ithin the limits prescribed by law." Wyo. Stat. Ann. § 6–10–104 (Lexis-Nexis 2011). The Wyoming legislature has not authorized a sentencing structure permitting a period of incarceration to be split by probation from another sentence.

[¶ 11] When a prisoner was discharged mistakenly from a five-year sentence, the 10th Circuit Court of Appeals said that "[a] sentence of five years means a continuous sentence, unless interrupted by escape, violation of parole, or some fault of the prisoner, and he cannot be required to serve it in installments." *White v. Pearlman*, 42 F.2d 788, 789 (10th Cir.1930). While a defendant was serving a 32–year sentence on a prior conviction, the court sentenced him to an 11–year sentence for a separate crime and directed that half the term be served concurrent with the 32–year sentence and the other half consecutive to the 32–year sentence, which would necessarily require an interruption between the first and second halves of

the 11–year sentence. In response, the Colorado Court of Appeals ruled that "[a] prisoner who commences the service of a sentence is entitled to serve that sentence in an uninterrupted manner." *People v. Ball*, 821 P.2d 905, 910 (Colo.App.1991). In *Massey v. State*, the appellant was sentenced to 90 days in jail "to be served on weekends from Fridays at 6:00 p.m. through Sundays at 6:00 p.m." 389 So.2d 712, 713 (Fla.Dist.Ct.App. 1980). The Florida Court of Appeals reversed the sentence, holding that "a prisoner is entitled to pay his debt to society in one stretch rather than in bits and pieces." *Id.* The Florida Court of Appeals has also said, on a number of occasions, that consecutive sentences of incarceration cannot be interrupted by probation. *See Turner v. State*, 551 So.2d 1247, 1248 (Fla.Dist.Ct.App.1989); *Gill v. State*, 550 So.2d 72, 74 (Fla.Dist.Ct. App.1989); *Calhoun v. State*, 522 So.2d 509, 510 (Fla.Dist.Ct.App.1988).

[¶ 12] One of the primary goals of probation is rehabilitation of the probationer. *State v. McAuliffe*, 2005 WY 165, ¶ 21, 125 P.3d 276, 281 (Wyo.2005). Rehabilitation envisions that the probationer is bettering himself by, perhaps, furthering his education, developing career prospects, seeking treatment for drug or alcohol addictions, or contributing to the welfare of his family and community. Requiring the appellant to return to prison upon the completion of his probationary period would certainly impair his ability to rehabilitate his life and would derail any progress that he may have made.

[¶ 13] The appellant contends that he should begin serving his second Natrona County sentence upon the completion of his earlier Natrona County sentence, and concurrent with the Sheridan County sentence he is presently serving. He next suggests that the second Natrona County sentence ought to terminate at the completion of his Sheridan County sentence and the beginning of his Platte County probation, and that he should only return to the penitentiary if he violates that probation. Under this scenario, he would only serve a maximum of three years on his eight-to-ten-year sentence. We decline to accept the appellant's proposals, as

we are not a sentencing court, and remand instead for resentencing.[2]

## CONCLUSION

[¶ 14]   The sentence under appeal is illegal because it is impossible to fulfill, and because it results in a period of incarceration interrupted by a period of probation.   We reverse and remand to the district court for imposition of a legal sentence.

---

2.   We note that, although in a somewhat different context, we have recognized the general rule that, absent specific legislation, probation cannot be imposed concurrently with incarceration. *Endris v. State*, 2010 WY 73, ¶ 16, 233 P.3d 578, 582 (Wyo.2010).