# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 49

**APRIL TERM, A.D. 2014**

**April 17, 2014**

AUSTON DAVIS COY,

Appellant
(Defendant),

v.

No. S-13-0136

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Campbell County*
*The Honorable John R. Perry, Judge*

*Representing Appellant:*
    *P. Craig Silva, Williams, Porter, Day & Neville, P.C., Casper, Wyoming.*

*Representing Appellee:*
    *Peter K. Michael, Attorney General; David L. Delicath, Deputy Attorney General; Jeffrey S. Pope, Assistant Attorney General.*

*Before KITE, C.J., and HILL, VOIGT\*, BURKE, and DAVIS, JJ.*

*\*Justice Voigt retired effective January 3, 2014.*

**NOTICE:** This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**BURKE, Justice.**

[¶1]    Appellant, Auston Davis Coy, was arrested in 2011 and charged with three crimes. At the time of his arrest, Mr. Coy was on probation for crimes he had committed in 2008. In addition to charging Mr. Coy with the new crimes, the State also sought to revoke Mr. Coy's probation.  Prior to trial, Mr. Coy and the State entered into a plea agreement. The terms of that plea agreement are the crux of this appeal.  Mr. Coy contends that the sentence imposed was not in accordance with his plea agreement.  He seeks modification of the sentence to conform to the terms of the plea agreement.  We find that the sentence imposed was not in accord with the plea agreement and was an illegal sentence because it cannot be completed in a "single stretch" or without interruption by another prison sentence.  We reverse and remand for entry of an amended sentence.

*ISSUE*

[¶2]    Did the district court enter an illegal sentence?

*FACTS*

[¶3]    In 2008, Mr. Coy pled guilty to burglary, felony property destruction, and aggravated assault in Criminal Docket No. CR-5008.  The district court imposed concurrent sentences of 2½ to 8 years (30 to 96 months) each for the burglary conviction (Count I) and the felony property destruction conviction (Count II).  The court sentenced Mr. Coy to 3 to 10 years (36 to 120 months) for the aggravated assault conviction (Count III), which it ordered to be served consecutively to the sentences for Counts I and II.  The court recommended that Mr. Coy participate in the Youthful Offender Program, also known as "Boot Camp," offered by the Department of Corrections.  Following Mr. Coy's admission to and successful completion of the Youthful Offender Program, the court suspended the balance of his prison term in favor of a fifteen-year period of supervised probation.

[¶4]    In November, 2011, in Criminal Docket No. CR-5923, the State charged Mr. Coy with burglary, conspiracy to commit burglary, and possession of a controlled substance. Pursuant to a plea agreement, Mr. Coy agreed to plead guilty to the burglary charge and the State agreed to dismiss the other two charges.  Under the agreement, Mr. Coy would receive a prison sentence of 5-10 years. Additionally, Mr. Coy's probation in Criminal Docket No. CR-5008 would be revoked and the original sentence would be imposed. The dispute in this case involves whether the 5-10 year sentence was to run concurrently with the sentence in Criminal Docket No. CR-5008.

[¶5]    The plea agreement was never reduced to writing, and neither the prosecutor nor defense counsel set forth the terms of the plea agreement on the record.  At the sentencing hearing, the district court advised Mr. Coy that it would impose "a sentence of

1

not less than five nor more than 10 years, which will run concurrently with the first of your criminal files in the other matter." Mr. Coy advised the court that his understanding of the plea agreement was that the 5-10 year sentence would run concurrently with the sentences for all three counts in CR-5008. The district court instructed Mr. Coy to consult with his attorney. After a brief visit with his counsel, Mr. Coy advised the court that he was prepared to proceed. There was no further discussion of the terms of the plea agreement. At the conclusion of the hearing, the district court announced the sentence: "I will impose a sentence of not less than five nor more than 10 years on the burglary count, which will run concurrently with the other sentence on your probation revocation, and you'll be remanded to the Department of Corrections today."

[¶6]    On March 1, 2012, the court issued its Judgment and Sentence in Criminal Docket No. CR-5923, sentencing Mr. Coy to 5-10 years in prison for the burglary conviction, "to run and be served concurrent to the sentence in Count I in Criminal Case 5008." On the same day, the court issued an order revoking Mr. Coy's probation in Criminal Docket No. CR-5008. The court reimposed Mr. Coy's original sentences on all counts in Criminal Docket No. CR-5008, with credit for 406 days served against the sentences for Counts I and II.

[¶7]    Shortly thereafter, on March 8, 2012, Mr. Coy wrote a letter to the court in which he claimed he had not received the benefit of his plea agreement. Mr. Coy stated that "What I was told that was to be my plea agreement and what happened were two different things." According to Mr. Coy, his understanding of the plea agreement was that he would receive a 5 to 10 year sentence "to be run concurrent from the beginning." The district court responded on March 9, stating that it was "having a hard time understanding" Mr. Coy's objection. The court wrote that "If you are complaining that you did not get a plea agreement on your probation revocation, given your checkered performance on probation it is doubtful that the court would have accepted any sort of agreement."

[¶8]    In October, 2012, Mr. Coy filed a "Motion for Order Nunc Pro Tunc," which requested that the district court amend the Judgment and Sentence to read that Mr. Coy's sentence in Criminal Docket No. CR-5923 would run concurrently with all the sentences issued in Criminal Docket No. CR-5008. Mr. Coy's motion stated that the Judgment and Sentence "should read" that his sentence in Criminal Docket No. CR-5923 is "to run and be served concurrent to the sentence in Count I, II, and III in Criminal Case 5008." The State filed a traverse to Mr. Coy's motion on November 30, asserting that "It is clear, on the record, that the judgment and sentence accurately reflects the deal that the Defendant received." The district court denied Mr. Coy's motion.

2

[¶9]     The present case began on February 19, 2013, when Mr. Coy filed a "Rule 35 Motion to Correct Illegal Sentence and/or Motion for Sentence Reduction."[1]   In that motion, Mr. Coy claimed that "[i]t was the intention of the parties involved" that his sentence in Criminal Docket No. CR-5923 was to be served concurrently with each of the sentences imposed in Criminal Docket No. CR-5008.  The motion was supported by an affidavit from Mr. Coy's counsel, which stated that counsel's understanding of Mr. Coy's plea agreement was that his sentence in CR-5923 would be served concurrently with each of the sentences imposed in CR-5008.  Mr. Coy also requested an evidentiary hearing. The court denied Mr. Coy's motion without holding a hearing.   This timely appeal followed.

## *STANDARD OF REVIEW*

[¶10]  We apply the following standard of review to sentencing decisions:

> Sentencing decisions are normally within the discretion of the trial court. *Bitz v. State*, 2003 WY 140, ¶ 7, 78 P.3d 257, 259 (Wyo. 2003). "Such discretion is limited, however, inasmuch as a court may not enter an illegal sentence. A sentence is illegal if it violates the constitution or other law." *In re CT*, 2006 WY 101, ¶ 8, 140 P.3d 643, 646 (Wyo. 2006) (internal case citation omitted). Whether a sentence is illegal is a question of law, which we review *de novo. Manes v. State*, 2007 WY 6, ¶ 7, 150 P.3d 179, 181 (Wyo. 2007).

*DeLoge v. State*, 2012 WY 128, ¶ 9, 289 P.3d 776, 778 (Wyo. 2012) (quoting *Endris v. State*, 2010 WY 73, ¶ 13, 233 P.3d 578, 581 (Wyo. 2010)).

## *DISCUSSION*

[¶11]  In Mr. Coy's motion to correct an illegal sentence, he claimed that his sentence was illegal because it was not the sentence he bargained for under his plea agreement. According to Mr. Coy, he agreed that his 5 to 10 year sentence in Criminal Docket No. CR-5923 would be served concurrently with ***all*** of the sentences imposed in Criminal

---

[1] W.R.Cr.P. 35 provides, in relevant part, as follows:

**Rule 35. Correction or reduction of sentence.**

(a) *Correction*. – The court may correct an illegal sentence at any time. Additionally the court may correct, reduce, or modify a sentence within the time and in the manner provided herein for the reduction of sentence.

Docket No. CR-5008. Mr. Coy supported his motion with an affidavit from his defense counsel, which stated as follows:

> The Court's [Sentencing] Order . . . only says that [Appellant's sentence] is concurrent with Count I. . . . I was never at any time made aware of such a result. I believed that the new sentence would be concurrent with all of the original charges. It was that way in the negotiations. I believed that [the] charges were all concurrent and I advised Auston Coy that was the bargain. I asked him several times and later wrote to the prison, the Department of Appeals and others. I have always been consistent about what I believed the agreement meant.

The State did not respond to defense counsel's affidavit, and the district court denied Mr. Coy's motion without granting his request for an evidentiary hearing. In this appeal, Mr. Coy reasserts his claim that his sentence is illegal. Mr. Coy contends that because the State failed to respond to his motion to correct an illegal sentence, the allegations contained in his motion must be accepted as true. He claims that, as a result, we must enforce the sentence as understood by him or, alternatively, that he should be permitted to withdraw his guilty plea.

[¶12] According to the State, Mr. Coy effectively argues "that he did not plead knowingly because the district court accepted the wrong plea agreement." The State asserts that the issue in this case "is a factual question about what Coy understood at the change of plea hearing." The State contends that because Mr. Coy entered a knowing and voluntary plea, there is no basis to set aside his sentence.

[¶13] Where a plea agreement has been reached "the court shall, on the record, require the disclosure of the agreement in open court." W.R.Cr.P. 11(e)(2). The obvious purpose of that requirement is to ensure that a defendant understands the consequences of his plea. For a plea to be knowing and voluntary, it is essential that a defendant understand the terms of the plea agreement. The State contends that the record clearly indicates that Mr. Coy understood that the 5-10 year sentence was to run concurrently only with the first count in the prior sentence. We do not agree.

[¶14] As we have previously noted, Mr. Coy's plea agreement was not in writing. Additionally, the prosecutor did not disclose the terms of the plea agreement on the record. Neither did defense counsel. The only evidence of the terms of the agreement is contained in the following excerpt from the transcript of Mr. Coy's sentencing hearing:

> THE COURT: My understanding is that there's a plea agreement?

4

THE DEFENDANT:  Yes, sir.

THE COURT:  I understand that you're going to plead guilty to Count I in the information, burglary.  It's my understanding that the rest of the information, Counts II and IV, will be dismissed; that you'll receive a sentence of not less than five nor more than 10 years, *which will run concurrently with the first of your criminal files in the other matter* that as I -- if I accept your plea of guilty, that will be an automatic basis for me to revoke your probation.  You've got other sentences, but potentially as I understand it, you would be facing a lengthy term of incarceration after I impose the new sentence, after I reimpose the other sentences.

Is that your understanding of what's going to happen here today?

THE DEFENDANT:  It's just all ran together, five to 10.

THE COURT:  Five to 10 on the new case.

THE DEFENDANT:  New case to run concurrent with the one I'm already serving, right?  So that would be --

THE COURT:  Why don't you ask [your counsel?]  That's probably a better thing to do. [Counsel], do you need a few minutes?

THE DEFENDANT:  Please.

[DEFENSE COUNSEL]:  Could we have just a minute, Your Honor?

THE COURT:  Sure.  I'll give you about three minutes.

. . .

THE COURT:  All right. [Counsel], what are we doing?

[DEFENSE COUNSEL]:  We're going ahead on it, Your Honor.

5

THE COURT: Okay. Is that correct, Mr. Coy?

THE DEFENDANT: Yes, sir.

THE COURT: You feel like you've had sufficient time to talk about this with [your counsel]?

THE DEFENDANT: Yes, sir.

(Emphasis added.) The district court did not explain what it meant by the "first of your criminal files in the other matter," or attempt to set forth the terms of the plea agreement on the record after advising Mr. Coy to confer with his counsel. At the conclusion of the hearing, the court announced the sentence as follows: "I will impose a sentence of not less than five nor more than 10 years on the burglary count, which will run concurrently with the other sentence on your probation revocation." The district court advised Mr. Coy that his 5-10 year sentence would begin "today."

[¶15] The written Judgment and Sentence, however, did not match the court's oral pronouncement of the sentence. It described the sentence as follows: "**IT IS THE SENTENCE OF THE COURT** that Auston Davis Coy, be incarcerated in an institution designated by the Wyoming State Department of Corrections for a period of not less than five (5) years, nor more than ten (10) years, to run and be served concurrent to the sentence in Count I in Criminal Case 5008." Based upon this record, we cannot conclude that Mr. Coy understood that his 5-10 year sentence, or any portion of that sentence, would be consecutive to counts II and III in Criminal Docket No. CR-5008. Additionally, the sentence urged by the State in this appeal would be impossible to fulfill and is illegal.

[¶16] The State contends that the 5-10 year sentence was to run concurrently only with the first count in Criminal Docket No. CR-5008. In asserting that position, the State ignores the clear and unequivocal sentencing language in CR-5008 providing that the sentence in Count II would run concurrently with the sentence in Count I. The record reflects that Mr. Coy had already served 406 days of his sentence on Counts I and II. Under the State's interpretation of the sentence in CR-5923, that sentence would be served concurrently with the sentence for Count I in CR-5008, but consecutive to the sentence for Count II in CR-5008. This is an impossibility.

[¶17] Additionally, the sentence interpretation urged by the State would result in an illegal sentence. The district court unequivocally stated that the 5-10 year sentence would start immediately. Thus, at the conclusion of the sentencing hearing, Mr. Coy would be serving his concurrent sentence on Counts I and II in CR-5008 and beginning his 5-10 year sentence in CR-5923. The sentences on Counts I and II were for 30 to 96 months. Mr. Coy had already served more than a year of those sentences. Those

6

sentences would be completed long before the 5-10 year sentence could be completed.

[¶18] In Criminal Docket No. CR-5008, Mr. Coy will begin serving his sentence in Count III when he completes the concurrent sentences on Counts I and II. The sentence in Count III would necessarily start before Mr. Coy had completed the 5-10 year sentence in Criminal Docket No. CR-5923. In order to make the balance of the 5-10 year sentence consecutive to Count III, it would be necessary to interrupt the 5-10 year sentence. The hiatus in Mr. Coy's sentence would violate the rule, as set forth in *Cothren v. State*, 2012 WY 102, 281 P.3d 352 (Wyo. 2012) (*Cothren I*), that a prisoner is entitled to serve a continuous and uninterrupted sentence.

[¶19] In *Cothren I*, the appellant challenged one of four sentences issued by three separate district courts between 2007 and 2010. The sentence challenged by the appellant was structured such that it was interrupted by a period of probation resulting from a separate conviction. We held that the sentence was illegal, in part, because the appellant was entitled to serve a continuous and uninterrupted sentence. *Id.*, ¶ 10, 281 P.3d at 355. We stated that

> [A]s both parties agree, it would be improper to split the appellant's second Natrona County incarceration so that it would be interrupted by a period of probation. "The discretion of the trial court is also limited by the fact that a sentencing court may only impose those sentences that have been authorized by the legislature." *Daugherty v. State*, 2002 WY 52, ¶ 13, 44 P.3d 28, 33 (Wyo. 2002) (citing *Williams v. State*, 949 P.2d 878, 880 (Wyo. 1997)).

*Id.* After the case was remanded to the district court, and a new sentence was entered, the appellant again challenged the legality of his sentence. We reaffirmed the principle that a prisoner is entitled to serve a continuous sentence in *Cothren II*, where we noted that "In *Cothren I*, [¶¶ 10-11, 281 P.3d at 355,] we held that a prisoner is entitled to serve his sentence in one continuous 'stretch,' and that he cannot be required to serve it in installments unless the interruption was due to escape, a parole violation, or some other fault on his part." *Cothren v. State*, 2013 WY 125, ¶ 36, 310 P.3d 908, 918 (Wyo. 2013).

[¶20] In sum, the only interpretation of the plea agreement that makes sense is the one urged by Mr. Coy. That sentence is not illegal and it is a sentence capable of being fulfilled. It is the sentence that he thought he would receive, and it provided the incentive for his guilty plea.

[¶21] Having concluded that the sentence imposed is an illegal sentence, we must determine the appropriate remedy. Ordinarily, we would reverse the sentence that was imposed and remand for a new sentencing hearing. However, because Mr. Coy's

understanding of his plea agreement is the only interpretation which results in a legal sentence, we will remand with directions that a specific sentence be entered, as we did in *Cothren II*. In that case, we pointed out the possibility that the appellant's sentence "would result in the same sort of interrupted sentence that we held unlawful in *Cothren I*." *Cothren II*, ¶ 39, 310 P.3d at 918. After noting that "it is in the interest of judicial economy to determine whether a sentence is illegal and correct it even if it first comes to our attention in our examination of the appeal," we instructed the district court that the appellant's sentence was to be "made to run concurrently with the first Natrona County sentence." *Id.*, ¶¶ 37, 42, 310 P.3d at 918, 919. We reversed and remanded "for entry of an amended judgment and sentence which accomplishes that end." *Id.*, ¶ 42, 310 P.3d at 919. In the present case, although we find that the sentence imposed by the district court is illegal for reasons other than those argued by Mr. Coy, we note that *Cothren II* affirms this Court's authority not only to correct an illegal sentence, but to do so even if the illegality "first comes to our attention in our examination of the appeal." This statement is consistent with W.R.Cr.P. 35, which provides that an illegal sentence may be corrected at "any time."

[¶22] Mr. Coy does not contest that he entered a knowing and voluntary plea to the charges based upon his understanding of the plea agreement. His probation in CR-5008 was revoked based upon that guilty plea, and he has already served his minimum sentence on Counts I and II. He also has served more than two years of his 5-10 year sentence in CR-5923. Under the circumstances, we conclude that the plea agreement should be enforced as understood by Mr. Coy.

[¶23] Accordingly, we reverse and remand for imposition of an amended sentence. On remand, the district court must impose a sentence of 5-10 years in CR-5923 that: (1) runs concurrently with Counts I and II in CR-5008, and (2) upon completion of those sentences, runs concurrently with the sentence for Count III in CR-5008.