BURKE, Justice.
*174 [¶1] Appellant, George Daniel Nitchman, appeals from a district court order revoking his probation and ordering that he serve the remaining portions of a prison sentence that had been suspended. He contends that the underlying sentence is illegal. We affirm.
ISSUE
[¶2] Is the reduced sentence requested by Mr. Nitchman and ordered by the district court illegal?
FACTS
[¶3] In 2007, Mr. Nitchman pleaded guilty to unlawful manufacture of a controlled substance and unlawful possession of a controlled substance. He was sentenced to serve a prison sentence of seven to ten years on the first count and three to five years on the second count, the terms to be served consecutively. In January 2008, Mr. Nitchman filed a Motion to Reduce Sentence. The district court granted the motion ordering that if Mr. Nitchman completed eighteen months of incarceration without incident, the remainder of his sentence on the first count would be suspended and he would be released on probation to complete a drug treatment program. Upon successful completion of that program, Mr. Nitchman's sentence on the second count would also be suspended, and he would be required to serve five years of probation on the first count followed by another five years of probation on the second count.
[¶4] In 2008, Mr. Nitchman was indicted by a federal grand jury on eight counts, including one count involving possession of a firearm and ammunition while being an unlawful user of or addicted to any controlled substance. The federal charges apparently arose from the same conduct that resulted in the State charges at issue in this case. Mr. Nitchman was taken into federal custody from the Wyoming Department of Corrections on November 20, 2008, approximately four months before his state sentence was scheduled to be suspended and he was to be released on probation. He attempted to reach a plea agreement to resolve the federal charges, but the underlying state sentence was an impediment to the proposed resolution. Mr. Nitchman and the State filed a Stipulated Motion Requesting the Court to Modify Order Granting Sentence Reduction. In the motion, they advised the district court that the plea agreement under consideration in the federal case would require Mr. Nitchman to serve three years of incarceration in the federal prison system, followed by a one-year residential drug and alcohol treatment program, and five additional years of supervised release. They told the court that federal authorities would not allow Mr. Nitchman to begin his federal sentence until he had "completed all of his state sentence" and that the federal authorities would not release Mr. Nitchman to serve his "state probation or a drug treatment program until he has completed his federal sentence." According to the motion, this would require Mr. Nitchman to serve the original state prison sentence that had been ordered on both counts before he could begin serving the federal prison sentence. In the stipulated motion, both parties agreed that no one intended Mr. Nitchman to serve such a lengthy prison sentence.
*175 [¶5] The parties asked the district court to suspend the state sentence as of the date Mr. Nitchman was taken into federal custody and order that probation on the state charges would begin when Mr. Nitchman was released from federal custody. The five years of probation on Count I of the state sentence would begin upon his release from federal prison and would run concurrently with his federal supervised release. Probation on Count II would begin after Mr. Nitchman completed probation on Count I. The district court granted the motion and entered an order modifying Mr. Nitchman's sentence in accordance with the motion. This is the sentence Mr. Nitchman now claims is illegal.
[¶6] Mr. Nitchman was released from federal prison in 2011, and began to serve his state probation on Count I. In 2014, the State moved to revoke his probation. Mr. Nitchman entered admissions to some of the alleged violations, and the district court revoked and reinstated his probation. In 2016, the State again moved to revoke Mr. Nitchman's probation. After a hearing, the district court determined that Mr. Nitchman had again violated terms of his probation, revoked the probation, and reinstated the original sentence with credit for time served. This timely appeal followed.
STANDARD OF REVIEW
[¶7] Whether a sentence is illegal is a question of law we review de novo . Moronese v. State , 2012 WY 34, ¶ 5, 271 P.3d 1011, 1013 (Wyo. 2012).
DISCUSSION
[¶8] Before we begin our discussion of the legality of the sentence, there is a potentially dispositive issue that must be addressed. We must determine if Mr. Nitchman's appeal is barred under principles of res judicata . "Res judicata bars issues that were previously raised and considered, and also issues that 'could have been raised in an earlier proceeding' but were not." Goetzel v. State , 2017 WY 141, ¶ 7, 406 P.3d 310, 311 (Wyo. 2017) (quoting Gould v. State , 2006 WY 157, ¶ 15, 151 P.3d 261, 266 (Wyo. 2006) (emphasis omitted) ). Whether a claim is barred by res judicata is also a question of law we review de novo . Ferguson v. State , 2013 WY 117, ¶ 8, 309 P.3d 831, 833 (Wyo. 2013).
[¶9] The sentence Mr. Nitchman now claims is illegal was entered in 2009. He did not appeal that decision and did not challenge the legality of that sentence. He also did not appeal the order revoking and reinstating probation that was entered in 2014. The challenge that he now raises could have been raised in those proceedings.
[¶10] However, we "previously recognized that res judicata may not bar a claim if there is a showing of good cause for failing to raise the claim in prior proceedings." Goetzel , ¶ 10, 406 P.3d at 312. Mr. Nitchman bases his claim that his sentence is illegal on our decisions in Cothren v. State (Cothren I ) , 2012 WY 102, 281 P.3d 352 (Wyo. 2012), and Cothren v. State (Cothren II ) , 2013 WY 125, 310 P.3d 908 (Wyo. 2013). Cothren I involved an issue of first impression in Wyoming. When Mr. Nitchman's sentence was modified in 2009, our Cothren decisions were not available to support a claim of an illegal sentence. This may constitute good cause for his failure to raise the issue in 2009.
[¶11] Mr. Nitchman could also have raised his claim of an illegal sentence when the State moved to revoke his probation in 2014. That action was subsequent to our Cothren decisions, and his failure to raise the issue at that time could bar his current claim. For example, in Graham v. State , 2011 WY 130, ¶ 10, 261 P.3d 239, 241 (Wyo. 2011), the appellant claimed that his probation was improperly revoked, a claim "founded on the assertion that the underlying sentence of probation was illegal." We determined that, "[b]ecause res judicata bars his claims that the underlying sentence was illegal, there is no foundation for his challenge to the subsequent revocation of his probation." Id. However, we have also recognized "that the application of the doctrine [of res judicata ] is discretionary." Patterson v. State , 2013 WY 153, ¶ 11, 314 P.3d 759, 762 (Wyo. 2013) (citing Hamill v. State , 948 P.2d 1356, 1359 (Wyo. 1997) ). For two reasons, we exercise that discretion in favor of reviewing the merits of Mr. Nitchman's claim.
*176 [¶12] First, Mr. Nitchman's claim involves a novel issue stemming from our Cothren decisions, and it is in the interests of justice to review that issue. See Hamill , 948 P.2d at 1359 (Unless the appellant "can show good cause why the issue was not raised at an earlier opportunity, or that the interests of justice require consideration of his claim, the court may refuse to consider the issue in a later proceeding."). Second, the State explicitly indicated in its brief that it does not assert res judicata as a bar to Mr. Nitchman's claim. Accordingly, we will consider the merits of this appeal.
[¶13] Mr. Nitchman's state sentence, as reduced and then modified, required him to serve part of his term in the state penitentiary, then to serve a term in federal prison, and finally to complete his state sentence under probation. Mr. Nitchman contends that this was an "impermissible break" in his state sentence. He argues that, under our precedent, "a prisoner is entitled to serve his sentence continuously and cannot be required to serve it in installments."
[¶14] The precedent to which Mr. Nitchman refers is Cothren I and Cothren II . The sentence under review in Cothren I
required that the appellant serve his term of incarceration concurrent with a sentence for which the appellant is presently incarcerated, as well as consecutive to a probationary period that has yet to begin. Because it is impossible to meet both these requirements, and because the sentence as pronounced would require the period of incarceration to be interrupted by a period of probation, the sentence is illegal.
Cothren I , ¶ 1, 281 P.3d at 353. We remanded the case for resentencing, and later reviewed the new sentence in Cothren II . We determined that the new sentence was also illegal because it required "an interruption in service of the period of incarceration." Cothren II , ¶ 42, 310 P.3d at 919.
[¶15] A careful reading of the two Cothren decisions reveals that they do not apply to Mr. Nitchman's circumstances. The Cothren decisions establish that periods of incarceration may not be interrupted. Mr. Nitchman's sentence did not require an interruption of his incarceration.
[¶16] In the first Cothren case, we stated that, "it would be improper to split the appellant's second Natrona County incarceration so that it would be interrupted by a period of probation." Cothren I , ¶ 10, 281 P.3d at 355. We indicated that the "Wyoming legislature has not authorized a sentencing structure permitting a period of incarceration to be split by probation from another sentence." Id . We concluded that the sentence under appeal was "illegal because it is impossible to fulfill, and because it results in a period of incarceration interrupted by a period of probation." Id. , ¶ 14, 281 P.3d at 356.
[¶17] In Cothren I , we cited decisions from other jurisdictions that also disapproved of interrupted periods of incarceration. We wrote:
When a prisoner was discharged mistakenly from a five-year sentence, the 10th Circuit Court of Appeals said that "[a] sentence of five years means a continuous sentence, unless interrupted by escape, violation of parole, or some fault of the prisoner, and he cannot be required to serve it in installments." White v. Pearlman , 42 F.2d 788, 789 (10th Cir. 1930).
Cothren I , ¶ 11, 281 P.3d at 355. In White , the prisoner had served part of his five-year prison sentence, was mistakenly released, and later returned to prison "to serve the rest of his sentence." Id. , 42 F.2d at 789.
[¶18] We also cited several Florida cases indicating that incarceration cannot be interrupted. See Turner v. State , 551 So.2d 1247, 1248 (Fla. Dist. Ct. App. 1989) ("The imprisonment segments of consecutive sentences cannot be interrupted by probation."); Gill v. State , 550 So.2d 72, 73−74 (Fla. Dist. Ct. App. 1989) (A sentence requiring the defendant "to be imprisoned for three and one-half years, then to be released for one and one-half years on supervised probation, and then to serve two years in county jail" was illegal because "such an interruption in the sentence is illegal."); Calhoun v. State , 522 So.2d 509, 510 (Fla. Dist. Ct. App. 1988) ("[A]ppellant would have to serve five years imprisonment, be released to serve two years probation, then be 'recalled' to serve four more years imprisonment before again being released to *177 serve two years probation. Such an interrupted sentence is not allowed under Florida Statutes."); Massey v. State , 389 So.2d 712, 713 (Fla. Dist. Ct. App. 1980) (A sentence of "ninety days in jail to be served on weekends from Fridays at 6:00 p.m. through Sundays at 6:00 p.m." was improper because "a prisoner is entitled to pay his debt to society in one stretch rather than in bits and pieces.") (internal quotation marks omitted).
[¶19] Mr. Nitchman relies on Cothren II , in which we wrote that, "[i]n Cothren I , we held that a prisoner is entitled to serve his sentence in one continuous 'stretch,' and that he cannot be required to serve it in installments unless the interruption was due to escape, a parole violation, or some other fault on his part." Cothren II , ¶ 36, 310 P.3d at 918. He emphasizes the word "sentence" in that quotation and asserts that he was not able to serve his state sentence "in one continuous stretch." But while we used the word "sentence" in Cothren II, the problem we were dealing with was that "the amended sentence require[d] an interruption in service of the period of incarceration." Cothren II , ¶ 42, 310 P.3d at 919. Cothren II was not meant to, and did not, expand on the ruling in Cothren I . Both decisions indicate that periods of incarceration may not be interrupted.
[¶20] Mr. Nitchman's modified reduced state sentence does not consist of interrupted periods of incarceration. He served the first portion of his state sentence in prison, but following completion of his federal sentence, he was not returned to state incarceration. He was placed on probation. Accordingly, our rulings in the two Cothren cases do not apply in Mr. Nitchman's case.
[¶21] There are reasons not to extend Cothren I and Cothren II to the situation presented here. In Cothren I , we explained the policy against split incarcerations:
One of the primary goals of probation is rehabilitation of the probationer. State v. McAuliffe , 2005 WY 165, ¶ 21, 125 P.3d 276, 281 (Wyo. 2005). Rehabilitation envisions that the probationer is bettering himself by, perhaps, furthering his education, developing career prospects, seeking treatment for drug or alcohol addictions, or contributing to the welfare of his family and community. Requiring the appellant to return to prison upon the completion of his probationary period would certainly impair his ability to rehabilitate his life and would derail any progress that he may have made.
Cothren I , ¶ 12, 281 P.3d at 355. Mr. Nitchman's sentence did not require him to return to prison after completing a probationary period. His attempts to rehabilitate and better himself on probation would not be derailed by a return to incarceration if he successfully completed probation. Further, we have previously stated that one of the "broad purposes underlying the concept of probation" is "the individualizing of justice in a sometimes rigid system of criminal law." Peterson v. State , 586 P.2d 144, 157 (Wyo. 1978), overruled on other grounds by Crozier v. State , 723 P.2d 42, 56 (Wyo. 1986), overruled by Wilkerson v. State , 2014 WY 136, ¶ 27, 336 P.3d 1188, 1200 (Wyo. 2014). The district court modified his sentence to accommodate Mr. Nitchman's efforts to contend with federal requirements. The policy considerations underlying the Cothren continuous sentence rule indicate that it should not be applied in Mr. Nitchman's circumstances.
[¶22] Affirmed.