FILED
United States Court of Appeals
Tenth Circuit

May 21, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

CHESTER L. BIRD,

      Plaintiff - Appellant,

v.

BRIDGET L. HILL, Attorney
General, State of Wyoming,

      Defendant - Appellee.

No. 20-8035
(D.C. No. 2:20-CV-00037-NDF)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYKMOVICH**, Chief Judge, **HOLMES**, and **BACHARACH**,
Circuit Judges.
_____

This appeal involves a constitutional challenge to a Wyoming law

requiring prisoners to save some of their earnings. Wyo. Stat. Ann.

§ 7-16-205(a)(i). The requirement is designed to provide a monetary start

to prisoners upon their release. _Nicodemus v. Lampert_, 336 P.3d 671, 673

---

[*]     We conclude that oral argument would not materially help us to
decide the appeal. _See_ Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).
So we have decided the appeal based on the record and the parties' briefs.

    Our order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value if
otherwise appropriate. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

(Wyo. 2014). But release is unlikely for some prisoners, like those sentenced to death or life imprisonment without parole. So the Wyoming statute exempts these prisoners from the requirement. Wyo. Stat. Ann. § 7-16-205(a)(i).

Mr. Chester Bird wasn't sentenced to death or life-without-parole, but he is unlikely to ever get out of prison. He was convicted of rape and kidnapping and sentenced to "life according to law." This sentence prevents him from ever getting parole. Wyo. Stat. Ann. § 7-13-402(a).

Of course, Mr. Bird has at least some chance of obtaining release through a pardon or sentence commutation. *See* Wyo. Stat. Ann. § 6-10-301. Despite these possibilities, Mr. Bird opposes the state's requirement to save some of his earnings. So he sued in state court, claiming that application of the law to him would violate his right to equal protection because other similarly situated prisoners are exempt.

The Wyoming Supreme Court rejected the claim, reasoning that

- Mr. Bird's status differs from inmates sentenced to life without the possibility of parole because he is eligible for commutation and they aren't and

- savings could inspire good behavior by improving Mr. Bird's chances for commutation.

*Bird v. Wyo. Bd. of Parole*, 382 P.3d 56, 63 (Wyo. 2016); *see Nicodemus*, 336 P.3d at 675 n.7 (A savings "account may provide an added incentive for an inmate to conduct himself to show he is worthy of commutation.").

2

Dissatisfied with this reasoning, Mr. Bird sued in federal court, claiming that the Wyoming statute is unconstitutionally vague and overbroad and denies substantive due process. The district court dismissed the suit based on res judicata, reasoning that Mr. Bird could have raised these claims in his state-court suit.

Mr. Bird appeals, arguing that the law changed between his two suits when the Wyoming Supreme Court decided *Davis v. State*, 415 P.3d 666 (Wyo. 2018). *Davis* invalidated a juvenile's sentence of life imprisonment, reasoning in part that the remote possibility of release left him without hope. 415 P.3d at 693.

The district court rejected Mr. Bird's argument, and we conduct de novo review. *Clark v. Zwanziger*, 741 F.3d 74, 77 (10th Cir. 2014). Through such review, we conclude that the district court didn't err.

We can assume for the sake of argument that a change in the law might relieve Mr. Bird of res judicata. *See Nitchman v. State*, 428 P.3d 173, 176 (Wyo. 2018) (a party can avoid res judicata by showing that good cause prevented earlier assertion of the claim or that the interests of justice require consideration of the claim). But Mr. Bird hasn't identified a pertinent change in the law. He claims that state authorities have deprived him of due process and applied a statutory requirement that is overly broad and vague. But *Davis* did not address these legal theories.

Mr. Bird points out that in his direct appeal, the Wyoming Supreme Court reasoned that the state legislature could rationally use the savings requirement to incentivize good conduct for prisoners serving life-according-to-law sentences and hoping to get a commutation. *Bird v. Wyo. Bd. of Parole*, 382 P.3d 56, 63 (Wyo. 2016). He argues that this reasoning was undermined in *Davis*. There the Wyoming Supreme Court concluded that prisoners sentenced to life imprisonment had "no hope of release," so their "good behavior and character improvement [were] immaterial." 415 P.3d at 693, 695 (quoting *Graham v. Florida*, 560 U.S. 48, 70 (2010)). But this change does not affect the law underlying Mr. Bird's claims involving substantive due process, vagueness, and overbreadth.

Mr. Bird alleges a deprivation of substantive due process from Wyoming's requirement for prisoner savings. When a plaintiff challenges a statute based on substantive due process, "we ask whether a fundamental right is implicated." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1182 (10th Cir. 2009). If not, the statute must simply "bear a rational relation to a legitimate government interest." *Id.* at 1181. When considering the existence of a rational relation, we examine the statute as a whole, not as applied, for a "law need not be in every respect logically consistent with its aims to be constitutional." *Williamson v. Lee Optical of Okla. Inc.*, 348 U.S. 483, 487-88 (1955).

4

Mr. Bird has not shown the implication of a fundamental right, so we review the statute for a rational basis. *Davis* might undermine the purpose of the savings requirement for Mr. Bird, but the purpose would remain intact for many other prisoners. So the remoteness of his own chance for commutation does not implicate *Davis* on the claim of substantive due process.

Mr. Bird also claims vagueness and overbreadth. But *Davis* did not change the meaning of Wyo. Stat. Ann. § 7-16-205(a)(i), so *Davis* didn't affect Mr. Bird's claim that the statute is vague and overbroad.

\* \* \*

Even if a change in the law could prevent res judicata, *Davis* didn't change the pertinent law on Mr. Bird's claims. We thus affirm the dismissal of his federal suit.

Entered for the Court


Robert E. Bacharach
Circuit Judge

5